UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| WOOD MOUNTAIN FISH LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>Mowi ASA (fka Marine Harvest ASA), Marine Harvest USA, LLC, Marine Harvest Canada, Inc., Ducktrap River of Maine LLC, Grieg Seafood ASA, Grieg Seafood BC Ltd., Bremnes Seashore AS, Ocean Quality AS, Ocean Quality North America Inc., Ocean Quality USA Inc., Ocean Quality Premium Brands, Inc., SalMar ASA, Leroy Seafood Group ASA, Leroy Seafood USA Inc., and Scottish Sea Farms Ltd.,<br><br>　　　　　　　　　Defendants. | **CASE NO. 1:19-CV-22128-UU**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ORDER APPOINTING WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP AS INTERIM CLASS COUNSEL** |

**TABLE OF CONTENTS**

I. INTRODUCTION AND STATEMENT OF FACTS ............................................................ 1

II. ARGUMENT .......................................................................................................................... 2

    A. Wolf Haldenstein Has Already Done Considerable Work in Identifying and Investigating Indirect Purchaser Claims ................................................................................................... 3

    B. Wolf Haldenstein Has Extensive Experience and Expertise in Handling the Types of Claims Asserted Here ........................................................................................................ 5

    C. Wolf Haldenstein Will Commit the Resources Necessary to Represent the Proposed Class 7

    D. Wolf Haldenstein is Uniquely Qualified to Serve as Interim Class Counsel in this Litigation 7

III. CONCLUSION ................................................................................................................... 10

I.      INTRODUCTION AND STATEMENT OF FACTS

Plaintiff Wood Mountain Fish LLC ("Movant") hereby submits this memorandum of points and authorities in support of its motion for an order appointing Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") interim class counsel ("Interim Class Counsel") for the Indirect Purchaser Class (defined below) in the above captioned action (the "Action").

This Action is an indirect antitrust case that arises out of state law, representing an indirect plaintiffs (the "Indirect Purchaser Class").[1] This Action arises out of the same subject matter as *In re Farm-Raised Salmon and Salmon Products Litigation,* a case filed on behalf of direct plaintiffs (the "Direct Purchaser Class").[2] Movant respectfully submits that the Indirect Purchaser Class and Direct Purchaser Class cases are related in that both will be required to prove many of the same underlying facts.[3]

The Indirect Purchaser Class purchased the defendants' farm-raised salmon or products derived therefrom. These purchases were not made directly from the defendants, Mowi ASA (fka Marine Harvest ASA), Marine Harvest USA, LLC, Marine Harvest Canada, Inc., Ducktrap River of Maine LLC, Grieg Seafood ASA, Grieg Seafood BC Ltd., Bremnes Seashore AS, Ocean Quality AS, Ocean Quality, North America Inc., Ocean Quality USA Inc., Ocean Quality

---

[1] Currently, this Action is the only Indirect Purchaser Class action pending in this District. Another indirect purchaser case, *Prime Steakhouse v. Mowi ASA et al*, No. 2:19-cv-00207-JAW, has also been filed in the US District Court for the District of Maine.

[2] On May 13, 2019, Judge Altonaga entered an Order consolidating under a Master File Docket two federal antitrust actions representing the Direct Purchaser Class, *Euclid Fish Company v. MOWI ASA, et al.*, Case No. 19-21551-cv-Altonaga and *Schneider's Fish and Sea Food Corp. v. MOWI ASA, et al.*, Case No. 2019-cv-21652-Altonaga (via the "Consolidation Order").  In the Consolidation Order, the court directed the clerk to change the style in the civil docket of the Consolidated Action to "*In re Farm-Raised Salmon and Salmon Products Antitrust Litigation*," 19-21551-CIV-ALTONAGA (emphasis in original). Isquith Decl., ¶ 3, Ex. A.

[3] For this reason, on May 30, 2019, Movant moved to transfer the Action to Judge Altonaga and have it coordinated with the related direct antitrust cases which Judge Altonaga consolidated under Master File Docket No. 19-21551-CIV-ALTONAGA. Isquith Decl., ¶ 3, Ex. B.

Premium Brands, Inc., SalMar ASA, Leroy Seafood Group ASA, Leroy Seafood USA Inc., and Scottish Sea Farms Ltd. (collectively, the "Defendants"). Rather, these purchases were largely made from retailers and distributers (wholesellers). The Indirect Purchaser Class' monetary claims therefore arise under state statutes that permit such these claims. The allegation of liability, as in the other cases, is that the Defendants conspired to raise, fix, stabilize or maintain prices in order to secure higher price levels for long-term contracts as well as restrict capacity within the market for the sale of salmon and products derived therefrom from at least July 1, 2015 through the present (the "Class Period"). Movant has asserted claims in 21 states, plus the District of Columbia. While the theories of liability are similar to the Direct Purchaser Class cases, the Indirect Purchaser Class action is sufficiently different in its theory of injury and damages such that separate economic analysis is required along with separate motions for class certification and other key stages in the litigation.

Rule 23(g)(3) authorizes the Court to appoint Interim Class Counsel to act on behalf of the putative class prior to class certification. For the Indirect Purchaser Class, the undersigned respectfully submits that Wolf Haldenstein, with support from distinguished firms and trial lawyers representing indirect plaintiffs in the case, a rich resume in antitrust class action work as well as in other complex litigation, and senior partner and trial attorney Fred T. Isquith, should be selected for that role. Movant thus seeks appointment of Wolf Haldenstein as Interim Class Counsel and Jayne A. Goldstein, of Shepherd Finkelman Miller & Shah ("SFMS") as interim liaison counsel ("Interim Liason Counsel") for the Indirect Purchaser Class.

**II.     ARGUMENT**

Wolf Haldenstein will fairly and adequately represent the interests of the Indirect Purchaser Class as Interim Class Counsel. Rule 23(g)(3) of the Federal Rules of Civil Procedure

specifically authorizes the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." As the Committee Notes to the 2003 amendments to Rule 23(g) point out, designation of Interim Class Counsel is appropriate because:

> [I]t will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination. It may also be important to make or respond to motions before certification . . . . Rule 23(g)(2)(A) authorizes the court to designate interim counsel to act on behalf of the putative class before the certification decision is made.

Rule 23(g)(4) provides that the duty of appointed class counsel is to "fairly and adequately represent the interests of the class." In considering the appointment of interim class counsel, Rule 23(g)(1)(A) provides factors for the Court to apply:

(i) the work counsel has done in identifying or investigating potential claims in the action;
(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
(iii) counsel's knowledge of the applicable law; and
(iv) the resources that counsel will commit to representing the class[.]

Fed. R. Civ. P. 23(g)(1)(A). In addition, the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). As discussed below, Wolf Haldenstein satisfies the requirements for appointment as Interim Class Counsel and will represent the best interests of the Indirect Purchaser Class.

### A. Wolf Haldenstein Has Already Done Considerable Work in Identifying and Investigating Indirect Purchaser Claims

Rule 23(g) requires that in considering a motion for appointment as Interim Class Counsel, the court should consider the work undertaken by that counsel in the case to date. *See*, *e.g.*, *Smith v. AON Corp.*, No. 04-C-6875, Slip op. at 2 (N.D. Ill. May 3, 2005) (appointing Wolf Haldenstein as interim class counsel, concluding that the firm had "committed considerable time

3

and resources into investigating [the] claims"); *Harrington v. City of Albuquerque*, 222 F.R.D. 505, 520 (D.N.M. 2004) (appointing class counsel who had "done significant work in [the] case"); *In re Apple & AT&TM Antitrust Litig.*, No. 07-cv- 05152 JW, 2008 U.S. Dist. LEXIS 120061, at *9-10 (N.D. Cal. Apr. 15, 2008) (noting that Wolf Haldenstein "has also already engaged an antitrust economist and invested significant time researching and investigating the potential claims involved in this case" and appointing Wolf Haldenstein as interim lead counsel for the consolidated action).

Wolf Haldenstein, alone in this District, undertook to bring the Indirect Purchaser claims. The investigation done by Wolf Haldenstein began shortly after the news of European Commission investigative raids circulated in the media. The news alerted the world to the possibility of a claim. Crafting Indirect Purchaser Class claims for relief arising from the known facts of Defendants' conduct, however, satisfies the first criteria under Rule 23(g) for selection as Interim Class Counsel. The undersigned now represent plaintiffs with claims in so-called *Illinois Brick* Repealer States for which a private action of this kind may be brought, *i.e.* those jurisdictions that allow a damages claim for anticompetitive activity and offer a private right of action under a procedure that does not practically bar it.

Further, Wolf Haldenstein has engaged in the notification process necessary for several states, such as Maine and Massachusetts, which, have statutory requirements that plaintiffs, notify the potential defendants. Wolf Haldenstein has also notified the State Attorneys General of Nevada and New York which with several other states require notice to the state Attorney General, of actions asserting claims under its statutes outlawing anticompetitive conduct. Isquith Decl., ¶ 2.

4

> **B.     Wolf Haldenstein Has Extensive Experience and Expertise in Handling the Types of Claims Asserted Here**

Courts applying Rule 23(g) have placed great emphasis on proposed class counsel's experience and knowledge of the applicable law. *See*, *e.g.*, *In re Luxottica Group, S.p.A. Securities Litigation*, No. 01-cv-3285, 2004 U.S. Dist. LEXIS 21130, at *13 (E.D.N.Y. Oct. 22, 2004) (selecting Wolf Haldenstein as lead class counsel based on the firm's "experience and expertise.") Wolf Haldenstein has significant expertise in the antitrust laws and within those in representing classes of indirect purchasers.  Wolf Haldenstein currently serves as Co-Interim Class Counsel in *In re Keurig K-Cup Indirect Purchaser Antitrust Litigation*, 14-md-2542 (VSB) (S.D.N.Y.).  Wolf Haldenstein also serves currently as sole Interim Class Counsel in *In re Packaged Seafood Products Antitrust Litigation*, 3:15-md-2670-JLS-MDD (S.D. Cal.).  In both cases, Wolf Haldenstein has shepherded the Indirect Class claims through pleading motions and into fact discovery.  In the *Packaged Seafood* matter, the Indirect Class has completed fact discovery and moved for class certification, and Wolf Haldenstein has litigated that motion through a three-day, live-witness hearing in January, 2019.

More broadly, and as more fully demonstrated by its Firm resume (*see* Isquith Decl., ¶ 3, Ex. C), Wolf Haldenstein is a nationally recognized class action firm with extensive experience and expertise in antitrust, financial and other complex class litigation.  Founded in 1888, Wolf Haldenstein has offices in Chicago, New York City, and San Diego.  Wolf Haldenstein's antitrust practice is headed by Fred T. Isquith, who has more than 45 years of experience litigating complex class actions. He was co-lead counsel in the *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, No. 02-MD-1486-PJH (N.D. Cal.), as well as *In re Toys "R" Us Antitrust Litigation*, No. 1:97-cv-5750-NG (E.D.N.Y.), and in the leadership in *In re Relafen Antitrust Litigation*, No. 01-12239-WGY (D. Mass.), and is the Firm's primary

5

supervising attorney in all of the Firm's current antitrust cases. The highest-profile antitrust case of the 2018-19 Supreme Court term, *Apple v. Pepper*, No. 17-204, 587 U.S. _ (2019) was a victory for Wolf Haldenstein, as interim class counsel for a class of purchasers.

Wolf Haldenstein has served as lead or co-lead counsel in numerous antitrust and other complex class actions in federal courts throughout the country. The firm was appointed in *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, No. 4:02-md-1486-PJH (N.D. Cal.), which resulted in $320 million in settlements for the class. In approving the *DRAM* settlements, Judge Hamilton praised lead counsel for doing "an exceptionally good job in coordinating management and litigating the case" and achieving "exceptional results." Isquith Decl., ¶ 3, Ex. D. Judge Hamilton also commented: "I've got cases that are a fraction of the size of this case that I spend a lot more time on just because counsel aren't acting as cooperatively and professionally as you all have." *Id*. Wolf Haldenstein also served as co-lead counsel and liaison counsel in *In re Toys "R" Us Antitrust Litigation*, 191 F.R.D. 347, 351 (E.D.N.Y. 2000), in which Judge Gerson noted: "Class counsel are highly skilled and experienced and can fairly and adequately represent the interests of the class."[4]

The Firm's qualifications to serve as class counsel have been recognized by the courts in other cases as well. In *In re Aon ERISA Litigation (Smith v. AON)*, No. 1:04-C-6875 (N.D. Ill. May 3, 2005), for example, the court appointed Wolf Haldenstein interim class counsel, noting,

---

[4] *See also In re Apple*, 2008 U.S. Dist. LEXIS 120061, at *9 (Wolf Haldenstein "has substantial experience with antitrust law, including antitrust class actions."); *In re Cree, Inc. Securities Litigation*, 219 F.R.D. 369, 373 (M.D.N.C. 2003) (appointing class counsel in a securities case where firm had "extensive experience in representing institutional investors in securities actions throughout the country and . . . long been heavily engaged in securities and corporate litigation"); *In re Terazosin Hydrochloride Antitrust Litigation*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) ("The consideration that the Court finds to be the most persuasive, however, relates to [proposed class counsel's] experience in, and knowledge of, the applicable law in this field . . . [Proposed class counsel] has extensive experience in the antitrust and complex litigation fields.").

6

"Wolf meets [the Rule 23(g)] criteria . . . . Wolf is experienced in handling complex, large-scale class actions. Wolf's Class Action Litigation Group consists of [] attorneys experienced in complex class action suits." Isquith Decl., ¶ 3, Ex. C.  *See also In re Luxottica Group,* 2004 U.S. Dist. LEXIS 21130, at *13 ("The court has no reason to doubt the experience and expertise of Wolf Haldenstein"); *In re Comdisco Securities Litigation*, 150 F. Supp. 2d 943, 951 (N.D. Ill. 2001) (noting that Wolf Haldenstein's credentials "are impeccable").

### C. Wolf Haldenstein Will Commit the Resources Necessary to Represent the Proposed Class

As required by Rule 23(g), courts have also considered the resources that will be committed to the litigation. *LeBeau v. United States*, 222 F.R.D. 613, 619 (D.S.D. 2004) ("In considering the resources that counsel will commit to represent the class, the Court may consider the staff, supplies and professional commitments of that attorney") (citation omitted).

To date, Wolf Haldenstein has already expended resources in investigating and identifying the claims asserted in this action and will continue to do so. Wolf Haldenstein is a large and successful law firm. Isquith Decl., ¶ 3, Ex. C. Wolf Haldenstein has both the ability and the willingness to expend the lawyer time and financial resources necessary to prosecute this litigation on behalf of the proposed class. In this case, the Defendants cannot hope to out-lawyer, out-work, or out-spend plaintiffs' counsel.

### D. Wolf Haldenstein is Uniquely Qualified to Serve as Interim Class Counsel in this Litigation

The parties to this litigation are located throughout the United States. Because this litigation is nationwide in scope, with potential witnesses and documents located throughout the United States, it makes sense to appoint as Interim Class Counsel a firm that has a nationwide presence and reputation. Wolf Haldenstein has offices in New York, Chicago, and San Diego

and has litigated class actions in numerous fora. Wolf Haldenstein is therefore highly qualified to serve as Interim Class Counsel.

Moreover, Wolf Haldenstein has a close relationship with proposed Interim Liason Counsel in this case, SFMS. As more broadly described by its firm resume (*see* Isquith Decl., ¶ 3, Ex. E), SFMS's and Jayne A. Goldstein's vast antitrust litigation experience, including their unparalleled experience in litigating antitrust cases, will be a great resource to the leadership team. Ms. Goldstein has represented plaintiffs for more than 33 years, and has served as lead or co-lead counsel in antitrust, securities and consumer class actions. SFMS has more than 20 attorneys and offices in six states, including the office located in Ft. Lauderdale, PA. SFMS' lawyers have successfully represented plaintiffs and defendants in major civil antitrust cases throughout the United States. They have extensive experience working with the Department of Justice, the Federal Trade Commission and various state attorneys general, as well as occasional matters involving international regulatory bodies such as the European Union.

Wolf Haldenstein also has previously worked with and is supported by its co-counsel in this matter, Heidi M. Silton of Lockridge Grindal Nauen P.L.L.P., and Elizabeth C. Pritzker of Pritzker Levine LLP.

For more than 20 years, Heidi M. Silton has represented plaintiffs in nationwide antitrust class actions. Ms. Silton has extensive experience in all aspects of multidistrict litigation and has significant experience representing end-payers in MDLs. *See, e.g.*, *In re Packaged Seafood Products Antitrust Litig.*, MDL No. 2670-JLS (S.D. Cal.) (antitrust class action alleging price-fixing in the packaged tuna industry). Ms. Silton currently serves as a member of the PSC in *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, 16-md-2724. The vast majority of Ms. Silton's litigation experience has been collaborative in nature. She, and her firm, as more broadly

described by its firm resume, (*see* Isquith Decl., ¶ 3, Ex. F) are routinely appointed to leadership positions that require high levels of cooperation with other plaintiffs' firms.[5]

Elizabeth Pritzker is a founding partner of Pritzker Levine LLP, a complex litigation and trial firm with offices in Oakland, California and New York, New York, more broadly described by its firm resume (*see* Isquith Decl., ¶ 3, Ex. G). For more than two decades, Ms. Pritzker has been appointed to a leadership role in notable antitrust class actions.[6] Ms. Pritzker and the Pritzker Levine firm have worked cooperatively, effectively and successfully with Wolf Haldenstein in prior antitrust cases, and are committed to providing the staff, experience, and

---

[5] *See, e.g.*, *In re Monosodium Glutamate Antitrust Litig.*, MDL-001328 (D. Minn.) (co-lead counsel, conducted critical discovery and negotiated settlements that ultimately recovered $123 million); *In re Potash Antitrust Litig. (II)*, MDL No. 1996 (N.D. Ill.) (substantial discovery and settlement work); *Precision Assocs., Inc. v. Panalpina World Transp. (Holding) Ltd.*, 1:08-cv-00042 (E.D.N.Y.) (one of four co-lead firms, resolving conspiracy claims against 68 defendants and recovering at least $406 million); *In re Urethane Antitrust Litig.*, 04-MD-1616 (D. Kan.) (one of four co-lead firms, recovering $33 million for the class). She has extensive experience with class representatives' data collection and review, including in depositions, has a wealth of experience in liability witness depositions, has worked with experts, briefed many discovery and dispositive motions, and has been involved in many settlement negotiations.

[6] These positions include: (1) as Class Counsel, *Il Fornaio (America) Corporation v. Lazzari Fuel Company, LLC et al.,* N.D. Cal. No. 3:13-cv-05197-WHA (N.D. Cal.) (antitrust class action alleging market allocation, price-fixing and other antitrust violations in the mesquite lump charcoal market); (2) as Additional Class Counsel, *In Re NCAA Grant-In-Aid Cap Antitrust Litig.*, MDL No. 2541-CW (N.D. Cal.) (class action alleging that NCAA and its members illegally agreed to cap or depress the athletic grant-in-aid program in violation of federal antitrust laws); (3) as Liaison Counsel for Direct Purchasers, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827-SI (N.D. Cal.) (antitrust class alleging price-fixing by manufacturers of LCD products and panels); as (4) Chair, Plaintiffs' Steering Committee, *In re: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litig.*, MDL No. 2785-DDC (D. Kan.) (multi-district class action alleging unlawful monopolization, deceptive trade practices, and antitrust violations in the marketing and sale of the EpiPen automatic injection device); and (5) as a Plaintiffs' Steering Committee Member, *In re Packaged Seafood Products Antitrust Litig.*, MDL No. 2670-JLS (S.D. Cal.) (antitrust class action alleging price-fixing in the packaged tuna industry), *In Re German Automotive Manufacturers Antitrust Litigation*, MDL No. 2796-CRB (JSC) (N.D. Cal.) (antitrust class action alleging price fixing and other collusive conduct among major German automobile manufacturers), and *In re Lithium Ion Rechargeable Batteries Antitrust Litigation*, MDL No. 2420-YGR (N.D. Cal.) (antitrust class action involving price-fixing by manufacturers of lithium ion rechargeable batteries).

resources necessary to assist in the prosecution of the case for the benefit of the Indirect Purchaser Class.

Wolf Haldenstein clearly satisfies the criteria for appointment as Interim Class Counsel and will "fairly and adequately represent the interests of the class," as required under Rule 23(g).

## III.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court enter an order appointing Wolf Haldenstein Adler Freeman & Herz LLP as Interim Class Counsel and SFMS as Interim Liaison Counsel for the Indirect Purchaser Class.

DATED: May 31, 2019

**SHEPHERD FINKELMAN MILLER & SHAH, LLP**

*/s/ Jayne A. Goldstein*_____
Jayne A. Goldstein
1625 North Commerce Parkway, Suite 320
Fort Lauderdale, FL 33326
Tel:  954-515-0123
Fax: 866-300-7367
Email:  jgoldstein@sfmslaw.com

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

Fred Taylor Isquith
Thomas H. Burt
Veronica Bosco
270 Madison Avenue
New York, New York 10016
Tel:  212-545-4600
Fax:  212-545-4653
isquith@whafh.com
burt@whafh.com
bosco@whafh.com

**PRITZKER LEVINE LLP**

Elizabeth C. Pritzker
180 Grand Avenue, Suite 1390
Oakland, CA
Tel: 415-692-0772
Fax: 415-366-6110
ecp@pritzkerlevine.com

**VITA LAW OFFICES P.C.**

Richard J. Vita
100 State Street, Suite 900
Boston, MA 02109
Tel: 617-426-6566
Email: rjv@vitalaw.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**

Heidi M. Silton
100 Washington Av. S., Suite 2200
Minneapolis, MN 55401-2159
Tel: 612-596-4092
Fax: 612-339-098
Email: hmsilton@locklaw.com