UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-22128-CIV-SMITH/LOUIS

WOOD MOUNTAIN FISH, LLC,

    Plaintiff,

v.

MOWI ASA, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff Wood Mountain Fish LLC's Motion for Approval of Plan for Alternative Service of Process on Norwegian Defendants and Incorporated Memorandum of Law (ECF No. 26). In its Motion, Plaintiff requests that the Court authorize alternative service of process on six Norwegian Defendants[1] involved in this suit ("Norwegian Defendants"). (*See* Mot. at 1). Plaintiff proposes serving the Norwegian Defendants by email, by digital publication on a specially created website, and by service on U.S. subsidiary offices.[2] (*See id.* at 2).

The Norwegian Defendants are all residents of Norway. Each of the Defendants "is a major international business that conducts substantial business by email and maintains well-kept webpages in the English language." (*Id.* at 9). These Defendants operate numerous websites that are accessible to current and prospective buyers of farm-raised Atlantic Salmon and use electronic

---

[1] The Norwegian Defendants include Mowi ASA ("Mowi"), Grieg Seafood ASA ("Greig"), Bremnes Seashore AS ("Bremnes"), Ocean Quality AS ("OQ"), SalMar ASA ("SalMar"), and Leroy Seafood Group ASA ("Leroy"). (*See* Mot. at 1).

[2] An identical plan for alternative service of process was ordered by the Honorable Cecilia M. Altonaga, United States District Judge, in a related proceeding, *In re: Farm-Raised Salmon and Salmon Prods. Antitrust Litig.*, Case No. 19-21551-CIV-ALTONAGA/Goodman (ECF No. 29), involving the same six Norwegian Defendants.

means as a reliable form of communication. (*See* Silton Decl., ¶¶ 5, 8, 11, 13, 18, 23). The Norwegian Defendants' email addresses are operational and a reliable means of communicating with them. (*See* Silton Decl., ¶¶ 6-7, 14-18). Additionally, Plaintiff has created a publication website located at https://www.whafh.com/case-information-documents/, where copies of the Complaint and all other documents on file in this action will be displayed. (*See* Silton Decl., ¶ 3).

Federal Rule of Civil Procedure 4(f)(3) authorizes a district court to order an alternate method for service to be effected upon foreign defendants provided it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants. *See* Fed. R. Civ. P. 4(f)(3); *see also Karsten Mfg. Corp. v. Store*, No. 18-CIV-61624, 2018 WL 8060707, at *1 (S.D. Fla. July 26, 2018) (authorizing alternative service of process via email and digital publication); *Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Inc.*, No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) ("[D]istrict courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements.") (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003))).

Service by email or publication is not prohibited under international agreement in this case. (*See* Mot. at 6). Both the United States and Norway are signatories to The Hague Convention on the Service Abroad of Extra-Judicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 (the "Hague Convention"), which does not specifically preclude service by email or publication. *See Karsten*, 2018 WL 8060707, at *1. Where a signatory nation has objected to the alternative means of service provided by Section 10 of The Hague Convention, that objection is expressly limited to those means listed in the objection and does not represent a blanket objection to other forms of service, such as email or publication. *See id.* at *2 (authorizing service by email

2

and publication) (citing *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, Case No. 15-cv- 20590, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (authorizing service by email)). A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service where a signatory nation has not expressly objected to those means. *See Karsten*, 2018 WL 8060707, at *2 (citing *Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011)). Accordingly, service by email, publication, or through a subsidiary does not violate an international agreement. Service through a subsidiary is also sufficient to satisfy Rule 4(f)(3) because it does not violate The Hague Convention. *See In re Cathode Ray Tube Antitrust Litig.*, No. 07-5944, 2008 WL 4104341 (N.D. Cal. Sept. 3, 2008) (authorizing service of foreign defendant through domestic subsidiary and counsel); *In re LDK Solar Sec. Litig.*, No. C 07-05182, 2008 WL 2415186 (N.D. Cal. June 12, 2008) (authorizing service on local subsidiary).

Plaintiff's service plan is reasonably calculated to give notice to the foreign Defendants. Plaintiff cites numerous cases where courts have authorized plaintiffs to serve foreign defendants through email, publication, and a subsidiary. (*See* Mot. at 8-13) (listing cases authorizing service via email and then listing cases authorizing service on a subsidiary). Similar to those cited cases, here too (1) Defendants conduct a majority of their business over the Internet; (2) Defendants routinely use email to conduct their business; (3) Defendants have subsidiaries in the United States that have a sufficiently close relationship to the Defendant parent companies; and (4) Plaintiff shows that email is likely to reach Defendants. *See Karsten*, 2018 WL 8060707, at *2 (citing *Rio Props. Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017–18 (9th Cir. 2002)).

Thus, Plaintiff has shown good cause why leave should be granted to allow service of summonses, the Complaint, and all subsequent filings in this matter upon the six Norwegian Defendants via e-mail or digital publication.

3

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Approval of Plan for Alternative Service of Process on Norwegian Defendants and Incorporated Memorandum of Law (ECF No. 26) is **GRANTED** as follows:

1.  Plaintiff may serve summons, a copy of the Complaint, and all other future filings in this matter upon each Norwegian Defendant via the email addresses provided by that Defendant (i) as part of the data related to its online marketing, advertising, sales and website, including customer service email address and onsite contact form; or (ii) via its sales agents in the United States listed on the website for each domain name; and

2.  Plaintiff may serve summons, a copy of the Complaint, and all other future filings in this matter upon the Norwegian Defendants via publication by posting a copy of the same on the website available at https://www.whafh.com/case-information-documents/.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 11th day of July, 2019.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:  All counsel of record