# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

| | |
|---|---|
| WOOD MOUNTAIN FISH LLC,<br><br>       Plaintiff,<br><br> v.<br><br>Mowi ASA (fka Marine Harvest ASA), Marine Harvest USA, LLC (fka Marine Harvest USA, LLC), Marine Harvest Canada, Inc., Mowi Ducktrap, LLC (fka Ducktrap River of Maine LLC), Grieg Seafood ASA, Grieg Seafood BC Ltd., Ocean Quality AS, Ocean Quality North America Inc., Ocean Quality USA Inc., Ocean Quality Premium Brands, Inc., SalMar ASA, Leroy Seafood Group ASA, Leroy Seafood USA Inc., and Scottish Sea Farms Ltd.,<br><br>       Defendants. | **CASE NO. 1:19-CV-22128-RS**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ORDER MODIFYING LEADERSHIP TO ADD LOCKRIDGE GRINDAL NAUEN P.L.L.P. AS INTERIM CO-LEAD CLASS COUNSEL** |

**TABLE OF CONTENTS**

I.   INTRODUCTION AND STATEMENT OF FACTS ............................................................. 1

II.  ARGUMENT ........................................................................................................................ 1

    A.  LGN Worked Closely with Wolf Haldenstein in Identifying and Investigating Indirect Purchaser Claims ........................................................................................ 3

    B.  LGN Has Extensive Experience and Expertise in Handling the Types of Claims Asserted Here ........................................................................................................ 3

    C.  LGN Will Add Additional Resources to Represent the Proposed Class ................ 5

    D.  Wolf Haldenstein and LGN Are Uniquely Qualified to Serve as Interim Co-Lead Class Counsel in this Litigation ............................................................................. 5

III. CONCLUSION ..................................................................................................................... 6

IV.  CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(3) ........................................... 6

## I. INTRODUCTION

Plaintiff Wood Mountain Fish LLC ("Movant") hereby submits this memorandum of points and authorities in support of its motion for an order modifying the existing leadership order (*see* Order Granting Motion Appointing Wolf Haldenstein Adler Freeman & Herz LLP as Interim Class Counsel, May 5, 2019 [ECF No. 24]) to add Lockridge Grindal Nauen P.L.L.P. ("LGN") as interim co-lead class counsel ("Interim Co-Lead Class Counsel") for the Indirect Purchaser Class in the above captioned action (the "Action").

Rule 23(g)(3) authorizes the Court to appoint Interim Co-Lead Class Counsel to act on behalf of the putative class prior to class certification. For the Indirect Purchaser Class, the undersigned respectfully submits that LGN, with support from Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") (Interim Class Counsel) should be added to this role.[1] LGN has worked closely and extensively with Interim Class Counsel and Local Counsel in identifying and investigating indirect purchaser claims in this case. The addition of LGN to the leadership structure, brings with it a set of lawyers whose skills, experience, resources, and commitment complement and add value to the leadership structure. Movant thus seeks a modification to the existing leadership structure to add LGN as Interim Co-Lead Class Counsel with the support and enthusiastic acquiescence .of Wolf Haldenstein to work with Wolf Haldenstein as Interim Class Counsel for the Indirect Purchaser Class.

## II. ARGUMENT

Wolf Haldenstein and LGN together will fairly and adequately represent the interests of the Indirect Purchaser Class as Interim Co-Lead Class Counsel. Rule 23(g)(3) of the Federal Rules

---

[1] LGN is also supported in its motion by Jayne A. Goldstein, of Shepherd Finkelman Miller & Shah ("SFMS") (Local Counsel) and Elizabeth Pritzker of Pritzker Levine LLP, both counsel in the Indirect Purchaser Class in Florida.

of Civil Procedure specifically authorizes the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." As the Committee Notes to the 2003 amendments to Rule 23(g) point out, designation of Interim Co-Lead Class Counsel is appropriate because:

> [I]t will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination. It may also be important to make or respond to motions before certification . . . . Rule 23(g)(2)(A) authorizes the court to designate interim counsel to act on behalf of the putative class before the certification decision is made.

Rule 23(g)(4) provides that the duty of appointed class counsel is to "fairly and adequately represent the interests of the class." In considering the appointment of Interim Co-Lead Class Counsel, Rule 23(g)(1)(A) provides factors for the Court to apply:

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class[.]

Fed. R. Civ. P. 23(g)(1)(A). In addition, the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

Moreover, it is widely recognized that it is desirable for plaintiffs' counsel to seek consensus among themselves about coordination of counsel without the court's assistance and in making decisions that may have a critical impact on the litigation. *See Manual for Complex Litigation* at § 10.222 (2019 Ed). The proposed leadership modification has been developed and approved by all counsel for the Indirect Purchaser Class. As discussed below, both Wolf Haldenstein and LGN satisfy the requirements for appointment as Interim Co-Lead Class Counsel.

Proposed Interim Co-Lead Class Counsel have agreed to share the substantial costs that will be incurred in effectively prosecuting this litigation, and to cooperate to avoid duplication of efforts. Together, these firms will represent the best interests of the Indirect Purchaser Class.

### A. LGN Worked Closely with Wolf Haldenstein in Identifying and Investigating Indirect Purchaser Claims.

Rule 23(g) requires that in considering a motion for appointment as Interim Co-Lead Class Counsel, the court should consider the work undertaken by that counsel in the case to date. *See, e.g.*, *Harrington v. City of Albuquerque*, 222 F.R.D. 505, 520 (D.N.M. 2004); *Kelen v. World Fin. Network Nat. Bank*, 295 F.R.D. 87, 95 (S.D.N.Y. 2013).

Before and after the Court's leadership appointment, LGN had and continues to have significant involvement in all aspects of this litigation. LGN, together with Wolf Haldenstein, played a leading role in bringing the Indirect Purchaser claims in this district. LGN worked closely with Wolf Haldenstein in undertaking the investigation into this action, which began shortly after news of the European Commission investigative raids circulated in the media, and in crafting the complaint filed on May 24, 2019. *See* ECF No. 1; Silton Decl., ¶ 3. LGN and Wolf Haldenstein's work investigating and drafting the Indirect Purchaser Class claims for relief arising from the known facts of Defendants' conduct satisfies the first criteria under Rule 23(g) for selection as Interim Co-Lead Class Counsel. Since the filing of the complaint, LGN has continued to work with Wolf Haldenstein on additional research and investigations into Defendants' conduct in preparation for the filing of an amended complaint. *Id.*

### B. LGN Has Extensive Experience and Expertise in Handling the Types of Claims Asserted Here.

Courts applying Rule 23(g) have placed great emphasis on proposed class counsel's experience and knowledge of the applicable law. *See, e.g.*, *Kelen*, 295 F.R.D. at 95, 2013 WL

3

6003513; *Rodriguez v. Danell Custom Harvesting, LLC*, 293 F. Supp. 3d 1117, 1136 (E.D. Cal. 2018).

In addition to Wolf Haldenstein's experience, as more fully described in Plaintiffs' previous Motion for an Order Appointing Wolf Haldenstein Adler Freeman & Herz LLP as Interim Class Counsel [ECF No. 9], LGN has additional experience in antitrust matters and in representing classes of indirect purchasers. LGN, as demonstrated by its firm resume, has more than 40 years' experience representing plaintiffs in national class actions. Exhibit F to the Declaration of Fred T. Isquith in Support of a Motion for an Order Appointing Wolf Haldenstein Adler Freeman & Herz LLP as Interim Class Counsel ("Isquith Decl.") [ECF No. 9-8]. LGN is routinely appointed to leadership positions that require high levels of cooperation with other plaintiffs' firms. Decl. of Heidi M. Silton in Support of Motion for an Order Modifying Leadership to Add Lockridge Grindal Nauen P.L.L.P. as Interim Co-Lead Class Counsel ("Silton Decl."), ¶ 6.

Heidi M. Silton will be the primary attorney from LGN working on this case. For more than 20 years, Ms. Silton, a partner at LGN, has represented plaintiffs in nationwide antitrust class actions. Ms. Silton routinely serves in leadership positions requiring high levels of cooperation with other plaintiffs' counsel. She and her firm have embraced a culture of collaboration in working with co-counsel, believing that cooperative leadership greatly benefits class members. Ms. Silton has extensive experience in all aspects of multidistrict litigation and has significant experience representing indirect purchasers in MDLs. Silton Decl., ¶ 7-8.

Throughout her career as an antitrust attorney, Ms. Silton has conducted scores of domestic and international witness interviews, attorney proffers, and depositions. Silton Decl., ¶ 9. Her extensive experience also includes shepherding class representatives through all aspects of discovery, including class representatives' data collection and review. *Id.* In addition, Ms. Silton

4

has a wealth of experience working closely with experts, preparing and litigating discovery and dispositive motions, and negotiating settlements. *Id.* The experience of Ms. Silton and the other attorneys at LGN will strengthen class counsel's ability to fairly and adequately represent the interests of the Indirect Purchaser Class.

      **C.**      **LGN Will Add Additional Resources to Represent the Proposed Class.**

As required by Rule 23(g), courts have also considered the resources that will be committed to the litigation. *LeBeau v. United States*, 222 F.R.D. 613, 619 (D.S.D. 2004) ("In considering the resources that counsel will commit to represent the class, the Court may consider the staff, supplies and professional commitments of that attorney") (citation omitted). Wolf Haldenstein and LGN are both experienced and successful law firms, each with the ability and the willingness to expend the lawyer time and financial resources necessary to prosecute this litigation on behalf of the proposed class. *See* Exhibit C and Exhibit F to Isquith Decl. [ECF No. 9-5 and 9-8]. The combined experience and resources will allow Wolf Haldenstein and LGN to streamline the litigation and create efficiencies. Wolf Haldenstein and LGN have already worked together through combined efforts in researching, investigating and identifying the claims asserted in this action and will continue to do so. Wolf Haldenstein and LGN will coordinate and efficiently deploy their skills, and stand ready to dedicate the resources necessary to represent and protect the interests of the indirect purchaser plaintiffs' class through rigorous motion practice, discovery, class certification, and trial.

      **D.**      **Wolf Haldenstein and LGN Are Uniquely Qualified to Serve as Interim Co-Lead Class Counsel in this Litigation.**

The parties to this litigation are located throughout the United States. Because this litigation is nationwide in scope, with potential witnesses and documents located throughout the United States and abroad, it makes sense to appoint as Interim Co-Lead Class Counsel firms that have a

nationwide presence and reputation. Wolf Haldenstein has offices in New York, Chicago, and San Diego, and LGN has offices in Minnesota, Washington, D.C., and North Dakota, and both have litigated class actions in numerous fora. Like Wolf Haldenstein, LGN is committed to providing the staff, experience, and resources necessary to assist in the prosecution of the case for the benefit of the Indirect Purchaser Class. Wolf Haldenstein and LGN are therefore highly qualified to serve as Interim Co-Lead Class Counsel together.

LGN has worked cooperatively, effectively and successfully with Wolf Haldenstein and other co-counsel in this case, and are supported in this motion by all co-counsel for the Indirect Purchaser Class. Like Wolf Haldenstein, LGN has a close working relationship with Local Counsel in this case, SFMS, and has worked cooperatively with co-counsel in this matter, Elizabeth C. Pritzker of Pritzker Levine LLP ("Pritzker Levine"). Wolf Haldenstein and LGN have demonstrated an ability to work together efficiently, effectively, and collaboratively in these cases, which assures the highest level of representation for Plaintiffs and the Indirect Purchaser Class.

### III.  CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court enter an order modifying the leadership structure to add Lockridge Grindal Nauen P.L.L.P. to the current Wolf Haldenstein Adler Freeman & Herz LLP leadership structure as Interim Co-Lead Class Counsel for the Indirect Purchaser Class.

### IV.  CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(3)

Counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion and Defendants take no position on this Motion.

Dated: January 10, 2020

**SHEPHERD FINKELMAN MILLER & SHAH, LLP**

*/s/ Jayne A. Goldstein*
Jayne A. Goldstein
1625 North Commerce Parkway, Suite 320
Fort Lauderdale, FL 33326
Tel:  954-515-0123
Fax: 866-300-7367
Email:  jgoldstein@sfmslaw.com

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

Fred Taylor Isquith
Thomas H. Burt
Veronica Bosco
270 Madison Avenue
New York, New York 10016
Tel:  212-545-4600
Fax:  212-545-4653
isquith@whafh.com
burt@whafh.com
bosco@whafh.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**

Heidi M. Silton
Elizabeth R. Odette
Maureen K. Berg
100 Washington Av. S., Suite 2200
Minneapolis, MN 55401-2159
Tel: 612-596-4092
Fax: 612-339-098
Email: hmsilton@locklaw.com

**PRITZKER LEVINE LLP**

Elizabeth C. Pritzker
180 Grand Avenue, Suite 1390
Oakland, CA
Tel: 415-692-0772
Fax: 415-366-6110
ecp@pritzkerlevine.com

**VITA LAW OFFICES P.C.**

Richard J. Vita
100 State Street, Suite 900
Boston, MA 02109
Tel: 617-426-6566
Email: rjv@vitalaw.com