UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-22128-CV-SMITH/LOUIS

WOOD MOUNTAIN FISH LLC,
on behalf of itself and all others similarly
situated,

                Plaintiff,

v.

MOWI ASA (FKA MARINE HARVEST
ASA), MARINE HARVEST USA, LLC,
MARINE HARVEST CANADA, INC.,
DUCKTRAP RIVER OF MAINE LLC,
GRIEG SEAFOOD ASA, GRIEG
SEAFOOD BC LTD., OCEAN QUALITY
AS, OCEAN QUALITY NORTH
AMERICA INC., OCEAN QUALITY USA
INC., OCEAN QUALITY PREMIUM
BRANDS, INC., SALMAR ASA, LEROY
SEAFOOD GROUP ASA, LEROY
SEAFOOD USA INC., and
SCOTTISH SEA FARMS LTD.,

                Defendants.
_____/

## JOINT SCHEDULING REPORT

Pursuant to the Court's Order of May 1, 2020 [ECF No. 107] directing them to file a joint scheduling report as required by Local Rule 16.1, the Parties have conferred and respectfully request the Court enter the enclosed proposed order that will require the parties to file a more detailed and comprehensive joint scheduling report after Plaintiffs have filed an Amended Class Action Complaint in this matter. In support, the Parties state as follows:

1. This Action (the "Indirect Action") is an indirect antitrust case, brought under state and federal competition laws on behalf of indirect purchasers of Defendants' farm-raised salmon or products derived therefrom. The liability issues in this Indirect Action are similar to those alleged in *In re Farm-Raised Salmon and Salmon Products Litigation*, Case No. 19-21551-CIV-ALTONAGA/Louis (S.D. Fla.), currently pending before Judge Cecelia Altonaga, which involves antitrust claims brought on behalf of direct purchasers of many of the same defendants' farm-raised Atlantic salmon or products derived therefrom (hereinafter the "Direct Action").

2. Implicitly recognizing the overlap between this Indirect Action and the Direct Action assigned to Judge Altonaga, this Court issued an Order dated July 26, 2019 ("July 26 Order") directing that "Plaintiff shall file an Amended Class Action Complaint no later than thirty (30) calendar days following the earlier of either a ruling on a Rule 12(b)(2) motion in the Direct Action or ruling on any other motion in the Direct Action brought under Rule 12(b)." [ECF No. 75 at ¶ 2.] That July 26 Order further directs that, within fourteen days of the date on which Plaintiffs in this Indirect Action file an Amended Class Action Complaint, the Parties must "propose a briefing schedule for responses" to that operative complaint. *Id.* ¶ 3. Recently, on April 20, 2020, the Court ordered that two related cases, *Portland Hunt-Alpine Club LLC v. Mowi ASA et al.*, and *Prime Steakhouse v. Mowi ASA et al.*, which had been transferred from the District of Maine, be consolidated with this Indirect Action, that all filings in the consolidated Indirect Action bear the above-captioned case number, and that both the *Portland Hunt-Alpine Club* and *Prime Steakhouse* matters be administratively closed. [ECF No. 101; Order Consolidating Cases, *Prime*

2

*Steakhouse v. Mowi ASA et al.*, Case No. 20-21463-CIV-SMITH (S.D. Fla. Apr. 20, 2020) (ECF No. 90).] Those orders did not otherwise address the appropriate case name. *Id.*

3. Pursuant to the Court's July 26 Order, the time for Plaintiffs in this Indirect Action to file an Amended Class Action Complaint or for the parties to propose a briefing schedule for any motions Defendants might wish to file in response has not yet run. Following a period for jurisdictional discovery in the Direct Action [*see* Direct Action ECF No. 174], no Rule 12(b)(2) motion was filed by any defendant. Rather, plaintiffs in the Direct Action filed a notice of voluntary dismissal as to one defendant in that case, Scottish Sea Farms Ltd. [Direct Action ECF No. 196]. Accordingly, Judge Altonaga issued a Third Scheduling Order requiring defendants in the Direct Action to jointly file any motion to dismiss no later than April 20, 2020, and set a schedule for briefing any such motions that concludes June 26, 2020. [Direct Action ECF No. 207.] That Order further required the parties in the Direct Action to file a joint scheduling report pursuant to Local Rule 16.1 no later than July 17, 2020, and directed that "[r]ecords already produced by Defendants to the Department of Justice and other foreign and domestic government entities will be produced to Plaintiffs upon request. All other discovery is stayed pending resolution of the forthcoming motion to dismiss." *Id.* ¶ 5. Defendants have moved for reconsideration of that Order, or in the alternative for a protective order, as it pertains to documents produced to the European Commission [Direct Action ECF 215] and briefing on that motion will be complete on May 20, 2020. Defendants also have moved to dismiss the Direct Action, and Judge Altonaga is expected to rule on that motion sometime after their reply brief is filed on June 26, 2020.

4.      The Parties continue to work cooperatively to ensure that informal coordination between this Indirect Action and the Direct Action proceeds as efficiently as possible. To that end, Defendant Scottish Sea Farms Ltd. has agreed to produce to plaintiffs in this Indirect Action the same jurisdictional discovery it produced in the Direct Action, to enable Plaintiffs' counsel in this Indirect Action to assess any potential jurisdictional issues as to that Defendant. Absent a superseding order from this Court, that production will be made pursuant to a protective order entered in the Direct Action that was specific to jurisdictional discovery. [*See* Direct Action ECF No. 186.] Additionally, Defendants have agreed to produce to Plaintiffs in this Indirect Action the same government documents that will be produced to plaintiffs in the Direct Action pursuant to Judge Altonaga's Third Scheduling Order and the Court's ruling on Defendants' Motion to Reconsider Third Scheduling Order Based On New Information; Or In the Alternative, Motion for Protective Order [Direct Action ECF 215], and the parties in both actions are currently negotiating to effectuate that production. That production will be made pursuant to a protective order governing confidentiality, and the Parties will shortly submit to this Court a proposed protective order.

5.      In these ways, the Parties have been diligently working to meet the Court's previously set deadline and to enable Plaintiffs to file an Amended Class Action Complaint no later than thirty days following Judge Altonaga's ruling on Defendants' Rule 12(b) motion in the Direct Action. [*See* ECF No. 75 ¶ 2.] Given the uncertainty surrounding when such a ruling might be issued, and thus when a Consolidated Amended Class Action Complaint might be filed in this Indirect Action, the Parties are unable to anticipate the

timing and course of discovery for purposes of proposing a comprehensive joint scheduling report at this time.

6.     THEREFORE, the Parties respectfully request that the Court enter an order directing that the deadline to file a detailed joint scheduling report with specific deadlines, as required per Local Rule 16.1 and by this Court's May 1, 2020 Order, as well as the parties' service of Rule of Civil Procedure 26(a) initial disclosures be due fourteen (14) days from the date Plaintiffs have filed an Amended and Consolidated Class Action Complaint in this matter.

7.     The Parties further request that the Court order that all filings in this consolidated action be made under the caption *In re Indirect Purchasers of Farm-Raised Salmon and Salmon Products Litigation*, Case No. 19-22128-CIV-SMITH.

Dated: May 14, 2020

**SHEPHERD, FINKLEMAN, MILLER & SHAH, LLP**

*/s/ Jayne A. Goldstein*
Jayne A. Goldstein
1625 North Commerce Parkway, Suite 320
Fort Lauderdale, FL 33326
Tel:     954-515-0123
Fax:    866-300-7367
Email:  jgoldstein@sfmslaw.com

**WOLF HALDENSTEIN ADLER FREEMAN &HERZ LLP**
Fred Taylor Isquith (*pro hac vice*)
Thomas H. Burt (*pro hac vice*)
Veronica Bosco (*pro hac vice*)
270 Madison Avenue
New York, NY 10016
Tel:     212-545-4600

Fax:      212-545-4653
Email:   isquith@whafh.com
             burt@whafh.com
             bosco@whafh.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Heidi M. Silton (*pro hac vice*)
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Tel:      612-339-6900
Fax:     612-339-0981
Email:  hmsilton@locklaw.com

**PRITZKER LEVINE LLP**
Elizabeth C. Pritzker (*pro hac vice*)
180 Grand Avenue
Oakland, CA 94612
Tel:      415-692-0772
Fax:     415-366-6110
Email:  ecp@pritzkerlevine.com

**VITA LAW OFFICES P.C.**
Richard J. Vita
100 State Street, Suite 900
Boston, MA 02109
Tel:      617-426-6566
Email:  rjv@vitalaw.com

*Attorneys for Plaintiff Wood Mountain Fish LLC*

Dated: May 14, 2020

By: */s/ Lawrence D. Silverman*
Lawrence D. Silverman
Florida Bar No: 7160
Diane O. Fischer
Florida Bar No: 994560
AKERMAN LLP
Three Brickell City Centre
98 SE 7th Street, Suite 1100
Miami, Florida 33131
lawrence.silverman@akerman.com
deedee.fischer@akerman.com

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Karen Hoffman Lent *(pro hac vice)*
Matthew M. Martino (*pro hac vice forthcoming*)
One Manhattan West
New York, NY 10001
karen.lent@skadden.com
matthew.martino@skadden.com

*Counsel for Defendants Mowi ASA (f/k/a Marine Harvest ASA), Mowi USA, LLC (f/k/a Marine Harvest USA, LLC), Mowi Canada West, Inc. (f/k/a Marine Harvest Canada, Inc.), and Mowi Ducktrap, LLC (an assumed name of Ducktrap River of Maine, LLC)*


By: */s/ John C. Seipp*
John C. Seipp
Florida Bar No: 289264
Christine L. Welstead
Florida Bar No: 970956
BOWMAN AND BROOKE, LLP
Two Alhambra Plaza, Suite 800
Miami, Florida 33134
john.seipp@bowmanandbrooke.com
christine.welstead@bowmanandbrooke.com

CLEARY GOTTLIEB STEEN & HAMILTON LLP
David I. Gelfand *(pro hac vice)*
Matthew Bachrack *(pro hac vice)*
2112 Pennsylvania Avenue, NW
Washington, D.C. 20037
dgelfand@cgsh.com
mbachrack@cgsh.com

*Counsel for Defendants Leroy Seafood AS and Leroy Seafood USA Inc.*

7

By: */s/ Sara L. Salem*
Sara L. Salem
Florida Bar No: 1011429
Eric J. Mahr *(pro hac vice)*
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, D.C. 20005
sara.salem@freshfields.com
eric.mahr@freshfields.com

*Counsel for Defendants Grieg Seafood ASA, Grieg Seafood BC Ltd., Ocean Quality AS, Ocean Quality North America Inc., Ocean Quality USA Inc., and Ocean Premium Brands, Inc.*

By: */s/ Adam L. Schwartz*
Adam L. Schwartz
Florida Bar No: 0103163
HOMER BONNER JACOBS ORTIZ, P.A.
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131
aschwartz@homerbonner.com

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Stephen R. Neuwirth *(pro hac vice)*
Sami H. Rashid *(pro hac vice)*
Christopher Tayback (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, New York 10010
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
stephenneuwirth@quinnemanuel.com
samirashid@quinnemanuel.com
christayback@quinnemanuel.com

*Counsel for Defendant SalMar ASA*