## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Wood Mountain Fish, LLC, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Mowi ASA (f/k/a Marine Harvest ASA), Marine Harvest USA, LLC, Marine Harvest Canada, Inc., Ducktrap River of Maine LLC, Grieg Seafood ASA, Grieg Seafood BC Ltd., Ocean Quality AS, Ocean Quality North America Inc., Ocean Quality USA Inc., Ocean Quality Premium Brands, Inc., SalMar ASA, Leroy Seafood Group ASA, Leroy Seafood USA Inc., and Scottish Sea Farms Ltd,<br><br>Defendant. | Case No. 1:19-cv-22128-RS<br><br>**DECLARATION OF ADAM J. ZAPALA IN SUPPORT OF THE COMMERCIAL AND INSTITUTIONAL INDIRECT PURCHASER PLAINITIFFS' MOTION TO MODIFY RULE 23(G) ORDER AND APPOINT COTCHETT, PITRE & MCCARTHY; CUNEO GILBERT & LADUCA, LLP; AND GUSTAFSON GLUEK PLLC INTERIM LEAD COUNSEL** |
| This Filing Relates to Consolidated Case:<br><br>*Prime Steakhouse v. MOWI ASA*, *et al*, 1:20-cv-21463-RS | |
| This Filing Relates to Consolidated Case:<br><br>*Portland Hunt-Alpine Club v. MOWI ASA*, *et al*, 1:20-cv-21509-RS | |

I, Adam J. Zapala, declare as follows:

1. I am an attorney duly licensed to practice law before the state courts of California and many United States District Courts around the country. I have filed, and the Court has granted, a Certification for Admission Pro Hac Vice in this action in this Court. Case No. 1:19-cv-22128-RS, ECF No. 104. I am a Partner at the law firm of Cotchett, Pitre & McCarthy, LLP ("CPM") and am an attorney of record for Plaintiffs Prime Steakhouse and Portland Hunt-Alpine Club, LLC.

1

2. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto. I make this declaration pursuant to 28 U.S.C. §1746.

3. I submit this declaration in support of the Commercial and Institutional Indirect Purchaser Plaintiffs' Motion to Modify the Court's Rule 23(g) Order and Appoint Cotchett, Pitre & McCarthy, LLP, Cueno Gilbert & LaDuca, LLP, and Gustafson Gluek PLLC as Interim Lead Counsel.

4. A true and correct copy of CPM's firm resume, which outlines in greater detail the capabilities of CPM and its attorneys, is attached hereto and incorporated herein by reference as **Exhibit A**.

I. **CPM'S EXPERIENCE HANDLING ANTITRUST CLASS ACTION CASES AND OTHER HIGHLY COMPLEX ACTIONS**

5. CPM has extensive experience in handling complex antitrust class actions and is one of the foremost firms engaged in indirect purchaser actions in the United States. I have played an important role in many of these cases and courts across the country have repeatedly appointed me, and CPM, to serve in leadership positions for these class actions.

6. For example, in the case *In re Broiler Chicken Antitrust Litigation*, Case No. 1:16-cv-08637 (N.D. Ill.) ("*Broilers*"), CPM is co-lead counsel—along with Gustafson Gluek PLLC—and represents commercial and institutional indirect purchasers who allege chicken broiler suppliers engaged in a price-fixing conspiracy in the United States.

7. In *In re Automotive Parts Antitrust* Litigation, Case No. 2:12-md-02311-MOB-MKM (MDL 2311) (E.D. Mich.), CPM is co-lead counsel on behalf of end-payor plaintiffs and consumers against manufacturers of automotive parts for engaging in a decade-plus long conspiracy to raise the prices of automotive parts sold to auto makers like Honda, Toyota, and Nissan, among others. To date, CPM and its co-counsel have recovered more than $1.1 billion

for the class and were recently presented with the American Antitrust Institute's ("AAI") prestigious award for litigation of the year in relation to their work on the *Auto Parts* litigation. I have been involved in this case since its inception.

8. In *In re Capacitors Antitrust Litigation,* Case No. 3:14-cv-03264-JD (N.D. Cal.) ("*Capacitors*"), CPM was appointed sole lead counsel and represents indirect purchasers of capacitors (film or electrolytic capacitors) against defendants, the leading manufacturers of capacitors sold in the United States, for engaging in a conspiracy to unlawfully inflate, fix, raise, maintain or artificially stabilize the prices of capacitors.  I have been involved in this case since its inception.  I have handled a variety of tasks in this case, including briefing numerous legal issues, all stages of discovery including extensive depositions, settlement discussions and negotiations, all stages of expert work in support of class certification, and class certification itself.  CPM has recovered over $80 million on behalf of indirect purchasers in this ongoing litigation.

9. In *In re Resistors Antirust Litigation*, Case No. 5:15-cv-03820-JD (N.D. Cal.) ("*Resistors*"), the court appointed CPM sole lead counsel on behalf of a class of indirect purchaser plaintiffs of resistors from defendants who allegedly conspired to unlawfully inflate, fix, raise, maintain or artificially stabilize the prices. CPM has recovered $33.4 million on behalf of indirect purchasers. I have been involved extensively in all aspects of this case since its inception.

10. In *In re Lithium Batteries Antitrust Litigation*, Case No. 4:13-md-02424 (N.D. Cal.) ("*Batteries*"), CPM was appointed co-lead counsel on behalf of indirect purchasers alleging a price-fixing conspiracy in the lithium-ion rechargeable batteries industry. CPM was extensively involved in the review of millions of pages of documents, the production of Plaintiffs'

documents, propounding and responding to discovery, and depositions. CPM, along with its court-appointed co-lead counsel, recovered $113.4 million on behalf of the class.

11. CPM was also appointed co-lead counsel in *In re Methionine Antitrust Litigation*, Case No. 00-1311 CRB (N.D. Cal.), an antitrust action against several methionine manufacturers involved in an alleged conspiracy to fix the prices of and allocate the markets for methionine. CPM ultimately helped this case settle for $107 million.

12. In addition to these indirect purchaser cases, CPM has served in a leadership capacity in many other complex antitrust actions as well. Some of the cases in which CPM currently serves or has served as lead or co-lead counsel are highlighted below.

13. In *In re Dynamic Random Access Memory (DRAM II) Antitrust Litigation*, Case No. 4:18-cv-03805 (N.D. Cal.) ("*DRAM II*"), the court appointed CPM as co-lead counsel on behalf of direct purchasers of dynamic random access memory (DRAM) who allege defendants conspired to fix prices at which DRAM was sold in the United States.

14. In the MDL class action case *In re Static Random Access Memory (SRAM) Antitrust Litigation*, Case No. 4:07-md-01819-CW (MDL No. 1819) (N.D. Cal.) ("*SRAM*"), the court appointed CPM as lead counsel for direct purchaser plaintiffs of Static Random Access Memory chips. CPM successfully secured $77 million on behalf of plaintiffs. Important legal rulings were reached on cutting edge issues such as standing of class representatives and the proper showing for class certification.

15. CPM was appointed co-lead counsel for Plaintiffs in the case *In re Transpacific Air Passenger Transportation Antitrust Litigation,* Case No. 3:07-cv-05634-CRB (N.D. Cal.) ("*Transpacific*"), a complex class action case involving allegations of price-fixing, in which defendants produced millions of pages of documents, and numerous depositions of various

defendants were taken around the world. CPM helped successfully negotiate approximately $148 million in settlements, and secured orders at the motion to dismiss and summary judgment stages rejecting various complex legal arguments including the filed-rate doctrine, the act of state doctrine, and sovereign compulsion.  I have been extensively involved in all aspects of the case, including protracted briefing on various legal issues, all stages of the discovery process including extensive depositions, briefing and argument on summary judgment motions concerning the filed-rate doctrine, settlement discussions and negotiations, appeals, class certification, and trial preparation.  District Court Judge Charles R. Breyer called CPM's work in the case "exceptional."

16. As co-lead counsel in the case *In re International Air Transportation Surcharge Antitrust Litigation*, Case No. M:06-md-01793-CRB (MDL No. 1793) (N.D. Cal.), an MDL class action challenging the price-fixing of air passenger tickets imposed by British Airways plc and Virgin Atlantic Airways, Ltd., CPM helped successfully secure settlements of over $200 million. The Court recognized the expertise of CPM and its co-counsel in the case, with Judge Charles R. Breyer praising the firm for its efforts in achieving "an outstanding settlement in which a group of lawyers from two firms coordinated the work . . . and brought an enormous expertise and then experience in dealing with the case." Judge Breyer stated that the firms' lawyers are "more than competent. They are outstanding."

17. CPM served as one of the co-lead counsel firms in the case *Precision Associates, Inc., et al. v. Panalpina World Transport (Holding) Ltd.*, Case No. 1:08-cv-00042-JG-VVP (E.D. N.Y.), which involved air shipping by freight forwarders throughout the world and which has led to approximately $410 million in settlements with defendants. CPM and its co-lead counsel—including Gustafson Gluek PLLC—commenced this case before any government indictments or

guilty pleas or assistance from an Amnesty Applicant. CPM was instrumental in developing a consolidated class action complaint and defeating motions to dismiss. CPM, with co-lead counsel, reviewed millions of pages of documents, conducted numerous interviews of current and former employees of Settling Defendants, prepared for and took the depositions of several Defendants both domestically and internationally, and played a central role in negotiating many of the settlements. I was involved extensively in litigating this highly successful class action case. As in *Transpacific*, I was involved in briefing various legal issues, all stages of the discovery process including extensive depositions, and settlement discussions and negotiations. I conducted witness interviews and depositions all around the world, including in Singapore, London, and Brussels.

18. In the case *In re Vehicle Carrier Service Antitrust* Litigation, Case No. 13-cv-3306 (MDL No. 2471) (D. N.J.), CPM was appointed co-lead counsel on behalf of consumers against Defendants, who are providers of Vehicle Carrier Services globally and in the United States, for engaging in at least a five yearlong conspiracy to fix, raise, maintain and/or stabilize prices and allocate the market and customers in the United States for Vehicle Carrier Services. I have been involved in this case since its inception.

19. In the case *In re Webkinz Antitrust Litigation*, Case No. M:08-cv-01987-RS (MDL No. 1987) (N.D. Cal.). CPM was appointed lead counsel representing a class of persons or entities in the United States who ordered Webkinz from Ganz Inc. on the condition that they also order products from Ganz's "core line" of products. The complaint alleged that Ganz conditioned the purchase of its popular Webkinz plush line toy with a minimum $1,000 purchase of non-Webkinz "core" line products in violation of federal antitrust laws. On September 17, 2012, Hon.

Richard Seeborg of the Northern District of California approved a class action settlement on behalf of a class of small business retailers against Ganz Inc.

20. In *In re Domestic Airline Travel Antitrust Litigation*, Case No. 15-1404 (CCK) (MDL No. 2656 (D. D.C.) ("*Domestic Air*"), CPM was appointed co-lead counsel on behalf of plaintiffs alleging American Airlines, Inc., Delta Airlines, Inc., Southwest Airlines Co., and United Airlines, Inc. fixed prices for air passenger transportation services within the United States, its territories, and the District of Columbia. Since 2017, I have had primary responsibility for this case and helped secure settlements of $60 million on behalf of the class.

## II. CPM'S EXPERIENCE AS A COMMITTEE MEMBER IN ANTITRUST CLASS ACTION CASES OR OTHER MDL ACTIONS

21. In addition to the foregoing actions where CPM served as lead or co-lead counsel, CPM has also served on Executive Committees, Steering Committees, and as Committee Chair in a number of other litigations. Some of the cases in which CPM currently serves or has served as a committee member are highlighted below.

22. In the MDL case *In re Generic Pharmaceuticals Pricing Antitrust Litigation,* MDL No. 2724 (E.D. Pa.) ("*Generic Drugs*"), I have been appointed to the Plaintiffs' Steering Committee and represent indirect purchasers of generic drugs seeking to recoup overcharges stemming from a vast alleged price-fixing conspiracy.

23. In the case *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, Case No. M:02-cv-1486-PJH (MDL No. 1486) (N.D. Cal.) ("*DRAM I*") CPM served as chair of the Discovery Committee for this multidistrict litigation arising from the price-fixing of DRAM, a form of computer memory. Shortly before the scheduled trial, class counsel reached settlements with the last remaining defendants, bringing the total value of the class settlements to over $325 million.

7

24. In the MDL class action case *In re Cathode Ray Tubes (CRT) Antitrust Litigation*, Case No. 07-cv-05944-SC (MDL No. 1917) (N.D. Cal.) ("*CRT*"), CPM was appointed to an Executive Committee position and represented a class of direct purchaser plaintiffs against manufacturers of cathode ray terminals whose prices were artificially raised, maintained or stabilized at a supra-competitive level by defendants and their co-conspirators.

25. In the class action case *In re Optical Disk Drive (ODD) Antitrust Litigation*, Case No. 3:10-md-02143-RS (MDL No. 2143) (N.D. Cal.) ("*ODD*"), CPM was appointed as a member of the Executive Committee for this multidistrict litigation alleging a conspiracy that manufacturers of optical disk drives ("ODD") fixed prices of ODD's sold directly to plaintiffs in the United States. Plaintiffs have reached settlements with all of the defendants for approximately $74,750,000.

26. In the case *In re Parking Heaters Antitrust Litigation*, Case No. 1:15-mc-00940-JG-JO (E.D. New York), CPM served as Liaison Counsel for indirect purchaser plaintiffs who purchased air and coolant parking heaters aftermarket for commercial vehicles from Defendants.

### III.   CPM'S ADDITIONAL QUALIFICATIONS FOR APPOINTMENT AS INTERIM CO-LEAD COUNSEL

27. In addition to CPM's experience with complex indirect purchaser actions, CPM has developed extensive relationships with consultants and industry experts which will be helpful to this litigation. Further, CPM has a track record of respect and trust with many defendants' counsel. By building these relationships, CPM has laid a solid foundation for a working relationship with counsel for the defendants in this case. CPM's willingness to engage in meaningful relationships with counsel will allow them to prosecute this litigation vigorously, efficiently, and in a manner consistent with best practices.

28. CPM's reputation is one reason large institutional investors and public entities, such as the California State Teachers' Retirement System and The Regents of the University of California, have selected CPM as counsel in some of their most important cases.[1] The *National Law Journal* has reported that the firm and its members are regarded by both plaintiff and defense attorneys as some of the foremost trial lawyers in the nation. CPM was named to the *National Law Journal's* "Litigation Boutiques Hot List" in 2012 and the "Plaintiffs' Hot List" in 2011. The *National Law Journal* named CPM to its list of Elite Trial Lawyers. The *Daily Journal*, California's leading legal publication, has named CPM one of the top law firms in Northern California.

29. CPM has also successfully tried a number class action cases. In 2011, CPM went to trial in one of the few class actions ever tried under the Private Securities Litigation Reform Act (PLSRA). The jury returned a verdict of $64.6 million on behalf of the class. In *Massoyan v. HL Leasing, Inc.*, Case No. 09-CECG 01839 (Fresno Cty. Super. Ct.) CPM tried a Ponzi scheme case to a jury verdict of $151.7 million. Additionally, CPM secured a ground-breaking $1.15 billion judgment against the lead paint industry after a two-month trial in Santa Clara Superior Court. *See People of the State of California v. Atlantic Richfield, et al.* Santa Clara Sup. Ct, Case No. 1-00-CV-788657 ("Lead Paint"). The Lead Paint verdict was the result of 13-years of hard

---

[1] *See In re Worldcom, Inc. Securities Litig.*, 02 Civ. 3288 (DLC) (S.D.N.Y.): *The Regents of the University of California v. Salomon Smith Barney, Inc., et al.*; *Regents of the Univ. of California v. Superior Court,* 165 Cal.App.4th 672 (2008); *California State Teachers' Retirement System v. Qwest Communications*; *California State Teachers' Retirement System v. AOL Time Warner*; *In re Libor-Based Financial Instruments Antitrust Litig.*, Case No. 11 MDL 2262 (NRB) (S.D. N.Y.) (representing the Counties of San Mateo and San Diego, the cities of Richmond and Riverside, East Bay Municipal Utility District, and other public entities); *In re Municipal Derivatives Antitrust Litig.*, MDL No. 1950 (S.D. N.Y.) (representing Los Angeles and numerous public entities); *People of the State of California v. Atlantic Richfield, et al. ("Lead Paint")*, Case No. 1-00-CV-788657 (represented the People of the State of California alongside ten California cities and counties).

fought litigation, including multiple trips to the California Court of Appeal and the Supreme Court of California, and stands as the only successful trial against the lead paint industry for creating a public nuisance threatening the health and well-being of children. *See, e.g., County of Santa Clara et al. v. Atlantic Richfield, et al.*, 50 Cal.4th 35 (2010); *County of Santa Clara et al. v. Atlantic Richfield, et al.*, 161 Cal.App.4th 1140 (2008); *County of Santa Clara et al. v. AtlanticRichfield, et al.*, 137 Cal.App.4th 292 (2006).

## ADAM J. ZAPALA

30. As a Partner at CPM, I have extensive experience litigating highly complex antitrust and other actions before federal district courts across the country.

31. As noted, I have had primary responsibility for prosecuting the highly complex actions *In re Capacitors Antitrust Litigation,* Case No. 3:14-cv-03264-JD (N.D. Cal.), *In re Resistors Antirust Litigation*, Case No. 5:15-cv-03820-JD (N.D. Cal.), *In re Transpacific Air Passenger Transportation Antitrust Litigation,* Case No. 3:07-cv-05634-CRB (N.D. Cal.), *In re Domestic Airline Travel Antitrust Litigation*, Case No. 15-1404 (CCK) (MDL No. 2656 (D. D.C.), and *Precision Associates, Inc., et al. v. Panalpina World Transport (Holding) Ltd.*, Case No. 1:08-cv-00042-JG-VVP (E.D. N.Y.).  I have also had extensive involvement in the successful litigations *In re Automotive Parts Antitrust Litigation*, 2:12-md-02311 (E.D. Mich.), *In re Cathode Ray Tubes (CRT) Antitrust Litigation*, Case No. 07-cv-05944-SC (MDL No. 1917) (N.D. Cal.), and *In re Optical Disk Drive (ODD) Antitrust Litigation*, Case No. 3:10-md-02143-RS (MDL No. 2143) (N.D. Cal.). Additionally, I have served in a leadership role in a cutting edge MDL privacy case, *In re Vizio Inc. Consumer Privacy Litigation*, No. 16-md-02693-JLS (C.D. Cal.), recovering $17 million as well as attaining groundbreaking injunctive relief and significant business practice changes.

32. I have also worked on several of the same matters as Proposed Co-Lead Counsel Cuneo Gilbert & LaDuca, LLP, and Gustafson Gluek, and can attest to the outstanding work of these firms.

33. I will ensure that the current management structure continues and that CPM's dedication of financial resources to the litigation continues.

34. Additionally, CPM will dedicate a team of experienced and knowledgeable attorneys to this matter. As explained in greater detail below, these individuals are accomplished antitrust attorneys who will utilize their expertise to represent the best interests of the class.

### JOSEPH W. COTCHETT

35. CPM Senior Partner Joseph W. Cotchett has been involved in a number of high profile and complex cases throughout his career and regularly lends his expertise to the CPM attorneys litigating such matters. Of particular relevance is Mr. Cotchett's personal involvement in many antitrust cases, including *DRAM I*, No. M 02-1486; *SRAM*, No. M 07-1819; *In re Flash Memory Antitrust Litigation*, Case No. 4:07-cv-00086-SBA (N.D. Cal.) ("*Flash*"); *CRT*, No. 07-5944 SC; *ODD*, No. M 10-2143; *Batteries*, No. 4:13-md-02424 (N.D. Cal.), *Capacitors*, No. 3:14-cv-03264 (N.D. Cal.), and *Resistors*, No. 3:15-cv-03820-JD (N.D. Cal.). Among Mr. Cotchett's many honors was his selection as Antitrust Lawyer of the Year by the California State Bar in 2011.

36. As stated by The National Law Journal, Mr. Cotchett is considered by plaintiffs and defense attorneys alike to be one of the foremost trial lawyers in the country. He is the author of several books, including *Federal Courtroom Evidence* and *California Courtroom Evidence*. In over 50 years of practice, he has tried over 100 cases to verdict in jurisdictions across the country and settled hundreds more. As reported in the San Francisco/Los Angeles

Daily Journal, he is "considered one of the best trial strategists in the state" and has built a career out of representing the underdog against powerful interests. He is known nationally as the lead trial lawyer for 23,000 plaintiffs in the Lincoln Savings & Loan Association/American Continental Corp. case in 1990 involving Charles Keating, his lawyers, accountants, and bankers. He won one of the then-largest jury verdicts in U.S. history at $3.3 billion. He obtained nearly $300 million in settlements from lawyers, accountants, and other professionals caught up in the scandal in the jury trial in Tucson, Arizona. Mr. Cotchett was the lead trial counsel in the Lead Paint case and tried the case with a team of attorneys.

37. CPM Senior Associate Tamarah P. Prevost has practiced in a wide range of civil litigation areas, including antitrust litigation, employment law, and consumer rights. Most pertinently, Ms. Prevost has served an indispensable role in several antitrust class actions in which CPM serves as interim lead or co-lead counsel, including: *Broilers*, Case No. 1:16-cv-08637 (N.D. Ill.); *Batteries*, No. 4:13-md-02424 (N.D. Cal.); *Capacitors*, Case No. 3:14-cv-03264 (N.D. Cal.); and *Resistors*, No. 3:15-cv-03820-JD (N.D. Cal.).

38. James Dallal is a Senior Associate at the firm and has worked for firms serving as lead class counsel on major national and international antitrust class action lawsuits for nearly a decade. He has extensive experience managing large cases and handling complex projects including organizing document review efforts; developing overall discovery strategy; coordinating expert discovery; preparing, defending, and taking depositions throughout the United States and internationally, including of Rule 30(b)(6) corporate designees, top-level executives, and expert economists; researching and drafting briefing on case-dispositive motions and class certification motions and briefs; drafting and negotiating settlement agreements; and developing a trial plan and preparing witnesses for presentation at trial. He played a major role as

the primary associate for one of two lead class counsel firms in *In re High-Tech Employees Antitrust Litigation*, Case No. 11-cv-2509 (N.D. Cal.) and was the lead associate for sole lead class counsel in *In re Capacitors Antitrust Litigation*, Case No. 14-cv-3264 (N.D. Cal.). Both of these class actions were hard fought and lasted for several years, and each resulted in more than $400 million in settlements. He has been named to the Super Lawyer California Rising Stars List every year since 2017.

39.     CPM Associate Reid Gaa has experience working on antitrust and business fraud matters. Relevant to this action is his experience in: *In re Automotive Parts Antitrust* Litigation, Case No. 2:12-md-02311-MOB-MKM (MDL 2311) (E.D. Mich.); *Capacitors*, Case No. 3:14-cv-03264 (N.D. Cal.); and *In re Generic Pharmaceuticals Pricing Antitrust Litigation,* MDL No. 2724 (E.D. Pa.).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12th day of May 2020 in Burlingame, California.

*/s/Adam J. Zapala*
ADAM J. ZAPALA