UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-cv-22128-Smith/Louis

WOOD MOUNTAIN FISH LLC, on behalf of itself and all others similarly situated,

        Plaintiffs,

v.

MOWI ASA (fka MARINE HARVEST ASA), MARINE HARVEST USA, LLC, MARINE HARVEST CANADA, INC., DUCKTRAP RIVER OF MAINE LLC, GRIEG SEAFOOD ASA, GRIEG SEAFOOD BC LTD., OCEAN QUALITY AS, OCEAN QUALITY NORTH AMERICA INC., OCEAN QUALITY USA INC., OCEAN QUALITY PREMIUM BRANDS, INC., SALMAR ASA, LEROY SEAFOOD AS, and LEROY SEAFOOD USA INC.,

        Defendants.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION PURSUANT TO RULE 23(g) MODIFYING LEADERSHIP TO SUBSTITUTE ZWERLING, SCHACHTER & ZWERLING, LLP FOR WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP AS INTERIM CO-LEAD CLASS COUNSEL**

**INTRODUCTION**

Plaintiff Wood Mountain Fish LLC ("Movant") hereby submits this memorandum of points and authorities in support of its motion for an order pursuant to Rule 23(g) modifying the existing leadership order  (*see* Order Granting Motion Appointing Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Interim  Class Counsel, May 5, 2019 [ECF No. 24] and Order Granting Motion for an Order Modifying Leadership to Add  Lockridge Grindal Nauen P.L.L.P. ("LGN") as Interim Co-Lead Class Counsel, February 24, 2020 [ECF No. 92]) to

substitute Zwerling, Schachter & Zwerling, LLP ("ZSZ") as Interim Co-Lead Class Counsel for the Indirect Purchaser Class in the above-captioned action (the "Action").

Rule 23(g)(3) authorizes the Court to appoint Interim Co-Lead Class Counsel to act on behalf of the putative class prior to class certification. The undersigned respectfully submits that ZSZ, with the support of LGN and with the consent of Wolf Haldenstein, should be substituted into that role.[1] ZSZ's co-lead position will be led by Fred T. Isquith whose credentials have already been evaluated by this Court. *See ECF No.*24. As of June 1, 2020, Mr. Isquith is Senior Of Counsel – National Litigation at the law firm of Zwerling, Schachter & Zwerling, LLP ("ZSZ"). Prior to then, Mr. Isquith was a senior partner at Wolf Haldenstein and Chair of its Antitrust Department. He has been Interim Co-Lead Class Counsel, working closely and extensively with Interim Co-Lead Class Counsel LGN and Local Counsel in identifying, investigating, and prosecuting the indirect purchaser claims. This Court has already received detailed background information about Mr. Isquith's experience when it granted the motion for appointment of Interim Class Counsel. Discovery, in this Action, is already underway. Documents provided by the Defendants to the Department of Justice and the European Commission have been agreed to be shared with the Indirect Interim Class Counsel by the Direct Class which is before Judge Altonaga. The substitution of ZSZ to the leadership position will be seamless. Indeed, Wolf Haldenstein, which has consented to this modification of its role, will continue to litigate this Action. There will be no delay in the litigation or loss of institutional memory. Further, attorneys at ZSZ will be involved in the case, bringing skills, experience, resources, and commitment which will complement and add value to the current leadership structure. Movant thus seeks a modification to the existing

---

[1] Jayne A. Goldstein, of Shepherd Finkelman Miller & Shah LLP ("SFMS") (Local Counsel), Elizabeth Pritzker of Pritzker Levine LLP, and Richard Vita of Vita Law Offices P.C., counsel for the Indirect Purchaser Class in Florida also support the motion.

3

leadership structure to substitute ZSZ as Interim Co-Lead Class Counsel with the support and consent of Wolf Haldenstein, LGN, and this Court's Liaison Counsel Jayne A. Goldstein of SFMS, Elizabeth C. Pritzker of Pritzker Levine LLP, and Richard Vita of Vita Law Office P.C.

## ARGUMENT

ZSZ and LGN together will fairly and adequately represent the interests of the Indirect Purchaser Class as Interim Co-Lead Class Counsel. Rule 23(g)(3) of the Federal Rules of Civil Procedure specifically authorizes the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."

Rule 23(g)(4) provides that the duty of appointed class counsel is to "fairly and adequately represent the interests of the class." These interests have already been satisfied by the lawyers before this Court, including Mr. Isquith who has headed the team of lawyers since the outset of this lawsuit. In considering the appointment of Interim Co-Lead Class Counsel, Rule 23(g)(1)(A) provides four factors for the Court to apply:

    (i)  the work counsel has done in identifying or investigating potential claims in the action;

    (ii)  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

    (iii)  counsel's knowledge of the applicable law; and

    (iv)  the resources that counsel will commit to representing the class[.]

*Fed. R. Civ. P. 23(g)(1)(A)*. Further, the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Fed. R. Civ. P. 23(g)(1)(B)*. Importantly, this case has been efficiently managed; it is coordinated with the Direct Purchaser Class Action. Mr. Isquith, along with the other lawyers, including Co-Lead, have achieved important milestones and have done so without unnecessarily involving the Court.

4

Since the same lead attorneys will continue to spearhead the litigation, there will be no delay in the litigation. ZSZ has agreed with LGN to share the substantial costs that will be incurred in effectively prosecuting this litigation, and to cooperate to avoid duplication of efforts. Together, these firms will represent the best interests of the Indirect Purchaser Class. As discussed below, both ZSZ and the current Interim Co-Lead Class Counsel, LGN, satisfy the requirements for appointment as Interim Co-Lead Class Counsel.

### A. ZSZ Will Work Closely with LGN (and all the other lawyers) in Investigating and Litigating Indirect Purchaser Claims.

Rule 23(g) requires that in considering a motion for appointment as Interim Co-Lead Class Counsel, the court should consider the work undertaken by that counsel in the case to date. *See, e.g., Harrington v. City of Albuquerque*, 222 F.R.D. 505, 520 (D.N.M. 2004); *Kelen v. World Fin. Network Nat. Bank*, 295 F.R.D. 87, 95 (S.D.N.Y. 2013).

Throughout the future course of this litigation ZSZ will have significant involvement in all aspects of this litigation. Mr. Isquith, while at Wolf Haldenstein, and now at ZSZ, *see ECF No. 128*, continues to have a leading role in litigating the Indirect Purchaser claims in this district. Thus, there will be a seamless transition in litigating this case. *See, Declaration of Fred T. Isquith in Support of Motion Pursuant to Rule 23(g) for an Order Modifying Leadership to Substitute Zwerling, Schachter & Zwerling, LLP For Wolf Haldenstein Alder Freeman & Herz LLP as Interim Co-Lead Class Counsel* ("Isquith Decl.") at ¶ 2. In anticipation of the substitution, ZSZ has already started to work closely with LGN in preparation for the filing of an amended complaint. *Id*.

### B. ZSZ Has Extensive Experience and Expertise in Handling the Claims Asserted Here.

Courts applying Rule 23(g) have placed great emphasis on proposed class counsel's experience and knowledge of the applicable law. *See, e.g., Kelen*, 295 F.R.D. 87, 95, 2013 WL 6003513 at *5 (S.D.N.Y., 2013); *Rodriguez v. Danell Custom Harvesting, LLC*, 293 F. Supp. 3d 1117, 1136 (E.D. Cal. 2018).

In addition, LGN which this Court has already evaluated and appointed to its position will continue in its role as Interim Co-Lead Class Counsel. ZSZ adds its lawyers and experience in antitrust matters. *See* Exhibit A to the *Isquith Decl.* ZSZ has many times been appointed to leadership positions that require high levels of skill and cooperation with other plaintiffs' firms. *Id.* Further, Mr. Isquith will continue to remain the lead attorney in the litigation.[2]

### C. ZSZ Will Add Additional Resources to Represent the Proposed Class.

As required by Rule 23(g), courts have also considered the resources that will be committed to the litigation. *LeBeau v. United States*, 222 F.R.D. 613, 619 (D.S.D. 2004) ("In considering the resources that counsel will commit to represent the class, the Court may consider the staff, supplies and professional commitments of that attorney") (citation omitted). ZSZ and LGN are both experienced and successful law firms in the antitrust field, each with the ability and the willingness to expend the lawyer time and financial resources necessary to prosecute this litigation on behalf of the proposed class. *See Declaration of Fred. T. Isquith in Support of A Motion for an Order Appointing Wolf Haldenstein Adler Freeman & Herz LLP. as Interim Class Counsel* [ECF No. 9-8] and *Isquith Decl.* Exhibit A. The combined experience and resources will allow ZSZ and LGN to streamline the litigation and create efficiencies. Mr. Isquith and LGN have already worked

---

[2] *See also*, *Declaration of Fred. T. Isquith in Support of A Motion for an Order Appointing Wolf Haldenstein Adler Freeman & Herz LLP. as Interim Class Counsel, Exhibit* C. [ECF No. 9-5]

together through combined efforts in researching, investigating and identifying the claims asserted in this action and will continue to do so. *See, Isquith Decl.* ¶2. ZSZ and LGN will coordinate and efficiently deploy their skills and dedicate the resources necessary to represent and protect the interests of the indirect purchaser plaintiffs' class through rigorous motion practice, discovery, class certification, and trial.

### D. ZSZ and LGN Are Uniquely Qualified to Serve as Interim Co-Lead Class Counsel in this Litigation.

The parties to this Action are located throughout the United States, Canada, and Europe. Potential witnesses and documents are located throughout North America and Europe. Indeed, Interim Co-Lead Class Counsel have already taken one fact-finding trip to Europe. ZSZ has offices in New York and Washington State, and both have litigated class actions in numerous jurisdictions. *Isquith Decl.* Exhibit A. Like LGN, ZSZ is committed to provide the staff, experience, and resources necessary for the prosecution of the Action for the benefit of the Indirect Purchaser Class. ZSZ and LGN are highly qualified to serve as Interim Co-Lead Class Counsel together.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court enter an order pursuant to Rule 23(g), modifying the leadership structure to substitute Zwerling, Schachter & Zwerling, LLP for Wolf Haldenstein Adler Freeman & Herz LLP as Interim Co-Lead Class Counsel for the Indirect Purchaser Class.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1 (a)(3)

Counsel for the movant have conferred with all parties or non-parties who may be affected by the relief sought in the motion and the Defendants consent to this Motion.

Dated: June 12, 2020

**SHEPHERD, FINKLEMAN, MILLER & SHAH, LLP**

*/s/Jayne A. Goldstein*
Jayne A. Goldstein
1625 North Commerce Parkway, Suite 320
Fort Lauderdale, FL 33326
Tel:	954-515-0123
Fax:	866-300-7367
Email:	jgoldstein@sfmslaw.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Heidi M. Silton (*pro hac vice*)
Kristen G. Marttila (*pro hac vice*)
Maureen Kane Berg (*pro hac vice*)
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Tel:	612-339-6900
Fax:	612-339-0981
Email:	hmsilton@locklaw.com
	kgmarttila@locklaw.com
	mkberg@locklaw.com

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Thomas H. Burt (*pro hac vice*)
270 Madison Avenue
New York, NY 10016
Tel:	212-545-4600
Fax:	212-545-4653
Email:	burt@whafh.com
	bosco@whafh.com

**ZWERLING, SCHACHTER & ZWERLING, LLP**
Fred Taylor Isquith (*pro hac vice*)
41 Madison Avenue, 32nd Floor
New York, NY 10010
Tel: (212) 223-3900
Email:  ftisquith@zsz.com

**PRITZKER LEVINE LLP**
Elizabeth C. Pritzker (*pro hac vice*)
180 Grand Avenue
Oakland, CA 94612
Tel:	415-692-0772

8

Fax: 415-366-6110
Email: ecp@pritzkerlevine.com

**VITA LAW OFFICES P.C.**
Richard J. Vita
100 State Street, Suite 900
Boston, MA 02109
Tel: 617-426-6566
Email: rjv@vitalaw.com

*Counsel for Indirect Purchaser Class*

9