# EXHIBIT 3

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PACKAGED SEAFOOD PRODUCTS ANTITRUST LITIGATION | Case No.: 15-MD-2670 JLS (MDD)<br><br>**ORDER APPOINTING INTERIM LEAD COUNSEL** |

Presently before the Court are various Motions recommending the structure by which this multidistrict litigation matter should proceed and requesting appointment of counsel to leadership positions, (*see* ECF Nos. 51, 67, 69, 70, 71, 72, 73), as well as various responses to: these Motions; the Court's January 20, 2016 Order; and the Court's orders at the March 10, 2016 hearing, (ECF Nos. 61, 79, 80, 81, 82, 83, 84, 90, 93, 96, 97, 98, 101, 104, 113, 114, 115, 116, 117). The Court held a hearing on these matters on March 10, 2016.

**STRUCTURE OF THIS LITIGATION**

The Court finds that this litigation will proceed most efficiently with four groups, or "tracks," of Plaintiffs. The Court hereby designates the following tracks:

- Direct Action Plaintiffs (DAPs), who are direct purchasers proceeding against Defendants individually;
- Direct Purchaser Plaintiffs (DPPs), who are direct purchasers proceeding on behalf

- of a putative class;
- Indirect Purchaser Commercial Food Preparer Plaintiffs (CFPs), who are indirect purchasers proceeding on behalf of a putative class; and
- Indirect Purchaser End Payer Plaintiffs (EPPs), who are indirect purchasers proceeding on behalf of a putative class.

**LEADERSHIP STRUCTURE AND APPOINTMENT OF COUNSEL**

Because there are relatively few Defendants and the Court believes they will work collaboratively without an order from this Court to the extent their interests are aligned, the Court finds that appointing a leadership structure at this time would yield little if any efficiency. By contrast, the Plaintiffs and their counsel are more numerous, and Court-designated leadership structure is necessary to efficiently resolve this matter.

## I.  Legal Standard

Courts may appoint "interim counsel to act on behalf of a putative class . . . ." Fed. R. Civ. P. 23(g)(3). In appointing lead counsel, the Court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class;

Fed. R. Civ. P. 23(g)(1)(A); *see also* Fed. Judicial Ctr, *Manual for Complex Litigation* § 10.22 (4th ed. 2004).

## II.  Direct Action Plaintiffs

The DAPs are "direct purchaser[s] of packaged seafood from one or more Defendants and [are] proceeding separately from the direct purchaser class." (ECF No. 51, at 2 n.2.)[1] The DAPs have independently retained counsel to pursue this litigation using a "direct attorney-client relationship," and state that their interests may diverge from those

---

[1] Pinpoint citations to docketed materials refer to the CM/ECF page number electronically stamped at the top of each page.

of other class members. (*Id.* at 2–3.)

DAPs The Kroger Co.; Albertsons Companies, LLC; H.E. Butt Grocery Company; Hy-Vee Inc.; Affiliated Foods, Inc.; Associated Grocers of New England, Inc.; North Central Distributors, LLC; Cash-Wa Distributing Co. of Kearney, Inc.; URM Stores, Inc.; Western Family Foods, Inc.; Associated Food Stores, Inc.; Giant Eagle, Inc.; Associated Grocers, Inc.; McLane Company, Inc.; Meadowbrook Meat Company, Inc.; Wegmans Food Markets, Inc.; Winn-Dixie Stores, Inc.; and Bi-Lo Holding, LLC agree that no attorney should be appointed "lead" counsel for the DAP track because of the importance of their individual attorney-client relationships. Rather, they request that attorney William J. Blechman of Kenny Nachwalter, P.A. be appointed liaison counsel.

The Court **GRANTS** the DAPs' Motion, (ECF No. 51), and appoints William J. Blechman as liaison counsel. Mr. Blechman shall serve as the primary point of contact for the DAPs for purposes of scheduling, coordinating, or conferring with class counsel and Defendants' counsel for issues common to the DAPs.

### III. Direct Purchaser Plaintiffs

Having considered the moving papers and heard arguments with respect to appointment of leadership for the DPPs, the Court finds that Hausfeld LLP satisfies the requirements of Rule 23(g), and hereby **GRANTS** Olean Wholesale Grocery Cooperative, Inc.'s Motion with respect to appointment of lead counsel. (ECF No. 73.) The Court **GRANTS IN PART** Olean's Motion with respect to the steering committee, but adds attorney Jason S. Hartley of Stueve Siegel Hanson LLP to this committee. Accordingly, the DPP steering committee shall consist of Bernstein Liebhard LLP; Block & Leviton LLP; Cera LLP; Lowey Dannenberg Cohen & Hart, P.C.; Quinn Emanuel Urquhart & Sullivan, LLP; and Jason S. Hartley of Stueve Siegel Hanson LLP. The Court therefore **DENIES** Trepco Imports and Distribution LTD's Motion. (ECF No. 72.)

It is hereby **ORDERED** that Interim Lead Counsel shall, in consultation with the Steering Committee, be responsible for the overall conduct of the litigation on behalf of the DPPs as follows:

a. To brief and argue motions and file opposing briefs in proceedings initiated by other parties, and to present (by a designee) to the Court and opposing parties the position of all DPPs for all matters arising during all pretrial and trial proceedings;

b. To designate attorneys to act as spokespersons at pretrial conferences;

c. To conduct or coordinate discovery on behalf of the DPPs consistent with the requirements of the Federal Rules of Civil Procedure, including the preparation of joint interrogatories, requests for production of documents, requests for admissions, and the examination of witnesses in depositions;

d. To designate an attorney to enter into stipulations with opposing counsel necessary for the conduct of the litigation;

e. To monitor the activities of co-counsel and to implement procedures to ensure that schedules are met and unnecessary expenditures of time and funds by counsel are avoided;

f. To collect time, lodestar, and expense reports from each of the law firms working on behalf of the class of DPPs, including paralegals and any other staff members whose time is expected to be included in any fee petition;

g. To ensure that work assignments are not given to any firm that has not promptly submitted its time and expense records or paid its assessments;

h. To sign any consolidated complaint, motions, briefs, discovery requests or objections, subpoenas, stipulations, or notices on behalf of the class of DPPs or those DPPs filing particular papers;

i. To conduct all pre-trial, trial, and post-trial proceedings on behalf of the class of DPPs;

j. To employ and consult with experts;

k. To call meetings of the law firms representing the class of DPPs when deemed appropriate and to assign work to these law firms;

l. To conduct settlement negotiations with defense counsel on behalf of the class of DPPs; and

1  m. To assure that all counsel for the class of DPPs are kept informed of the
2 progress of this litigation.

### IV. Commercial Food Preparer Plaintiffs

Having considered the moving papers and heard arguments with respect to appointment of leadership for the CFPs, the Court finds that Cuneo Gilbert & LaDuca LLP satisfies the requirements of Rule 23(g), and hereby **GRANTS** Plaintiffs Capitol Hill Supermarket, Dutch Village Restaurant, A-1 Diner, and Thyme Café & Market, Inc.'s Motion, (ECF No. 69), and appoints Cuneo Gilbert & LaDuca LLP Interim Lead Counsel and the Del Mar Law Group LLP Liaison Counsel.

It is hereby **ORDERED** that Interim Lead Counsel shall be responsible for the overall conduct of the litigation on behalf of the CFPs as follows:

a. To brief and argue motions and file opposing briefs in proceedings initiated by other parties, and to present (by a designee) to the Court and opposing parties the position of all CFPs for all matters arising during all pretrial and trial proceedings;

b. To designate attorneys to act as spokespersons at pretrial conferences;

c. To conduct or coordinate discovery on behalf of the CFPs consistent with the requirements of the Federal Rules of Civil Procedure, including the preparation of joint interrogatories, requests for production of documents, requests for admissions, and the examination of witnesses in depositions;

d. To designate an attorney to enter into stipulations with opposing counsel necessary for the conduct of the litigation;

e. To monitor the activities of co-counsel and to implement procedures to ensure that schedules are met and unnecessary expenditures of time and funds by counsel are avoided;

f. To collect time, lodestar, and expense reports from each of the law firms working on behalf of the class of CFPs, including paralegals and any other staff members whose time is expected to be included in any fee petition;

g. To ensure that work assignments are not given to any firm that has not

promptly submitted its time and expense records or paid its assessments;

    h.    To sign any consolidated complaint, motions, briefs, discovery requests or objections, subpoenas, stipulations, or notices on behalf of the class of CFPs or those CFPs filing particular papers;

    i.    To conduct all pre-trial, trial, and post-trial proceedings on behalf of the class of CFPs;

    j.    To employ and consult with experts;

    k.    To call meetings of the law firms representing the class of CFPs when deemed appropriate and to assign work to these law firms;

    l.    To conduct settlement negotiations with defense counsel on behalf of the class of CFPs;

    m.    To assure that all counsel for the class of CFPs are kept informed of the progress of this litigation; and

    o.    To appoint an executive committee to assist Interim Lead Counsel in litigating the CFP actions.

It is further **ORDERED** that Interim Liaison Counsel shall have the administrative duty of receiving and sending pleadings and communications with the Court and with Defendants and disseminating the same among class counsel.

**V.**     **End Payer Plaintiffs**

Having considered the moving papers and heard arguments with respect to appointment of leadership for the EPPs, the Court finds that Wolf Haldenstein Adler Freeman & Herz LLP satisfies the requirements of Rule 23(g), and hereby **GRANTS** the Motion of Plaintiffs Evelyn Olive, et al., (ECF No. 71), and appoints Wolf Haldenstein Adler Freeman & Herz LLP Interim Lead Counsel. Accordingly, the Motions of Sandra Powers, Edy Lee, and Kathy Vangemert, (ECF No. 67), and Louise Ann Davis Mathews,

et al., (ECF No. 70), are **DENIED**.[2]

It is hereby **ORDERED** that Interim Lead Counsel shall be responsible for the overall conduct of the litigation on behalf of the EPPs as follows:

    a.    To brief and argue motions and file opposing briefs in proceedings initiated by other parties, and to present (by a designee) to the Court and opposing parties the position of all EPPs for all matters arising during all pretrial and trial proceedings;

    b.    To designate attorneys to act as spokespersons at pretrial conferences;

    c.    To conduct or coordinate discovery on behalf of the EPPs consistent with the requirements of the Federal Rules of Civil Procedure, including the preparation of joint interrogatories, requests for production of documents, requests for admissions, and the examination of witnesses in depositions;

    d.    To designate an attorney to enter into stipulations with opposing counsel necessary for the conduct of the litigation;

    e.    To monitor the activities of co-counsel and to implement procedures to ensure that schedules are met and unnecessary expenditures of time and funds by counsel are avoided;

    f.    To collect time, lodestar, and expense reports from each of the law firms working on behalf of the class of EPPs, including paralegals and any other staff members whose time is expected to be included in any fee petition;

    g.    To ensure that work assignments are not given to any firm that has not promptly submitted its time and expense records or paid its assessments;

    h.    To sign any consolidated complaint, motions, briefs, discovery requests or objections, subpoenas, stipulations, or notices on behalf of the class of EPPs or those EPPs filing particular papers;

    i.    To conduct all pre-trial, trial, and post-trial proceedings on behalf of the class

---

[2] The Court is persuaded that all of the proposed leadership groups comprised skilled counsel who could ably lead this litigation, but the Court honors the requests by various counsel that the Court not fashion its own leadership structure distinct from one of the three presented in the EPPs' Motions.

7

15-MD-2670 JLS (MDD)

|   |   |   |
|---|---|---|
| 1 | | of EPPs; |
| 2 | j. | To employ and consult with experts; |
| 3 | k. | To call meetings of the law firms representing the class of EPPs when deemed |
| 4 | | appropriate and to assign work to these law firms; |
| 5 | l. | To conduct settlement negotiations with defense counsel on behalf of the class |
| 6 | | of EPPs; |
| 7 | m. | To assure that all counsel for the class of EPPs are kept informed of the |
| 8 | | progress of this litigation; and |
| 9 | o. | To appoint an executive committee to assist Interim Lead Counsel in litigating |
| 10 | | the EPP actions. |

## CONCLUSION

The Court hereby **ORDERS** that:

1. This MDL matter shall proceed with the following four tracks of plaintiffs: (1) Direct Action Plaintiffs or DAPs; (2) Direct Purchaser Plaintiffs or DPPs; (3) Indirect Purchaser Commercial Food Preparer Plaintiffs or CFPs; and (4) Indirect Purchaser End Payer Plaintiffs or EPPs. The leadership structure designated for each track applies to additional actions transferred to this Court and consolidated in this MDL matter.

2. For the DAPs, attorney William J. Blechman of Kenny Nachwalter, P.A., is Liaison Counsel, but Direct Action Plaintiffs may continue to proceed individually through their own counsel.

3. For the DPPs, Hausfeld LLP is Interim Lead Counsel and the steering committee shall consist of Bernstein Liebhard LLP; Block & Leviton LLP; Cera LLP; Lowey Dannenberg Cohen & Hart, P.C.; Quinn Emanuel Urquhart & Sullivan, LLP; and Jason S. Hartley of Stueve Siegel Hanson LLP.

4. For the CFPs, Cuneo Gilbert & LaDuca LLP is Interim Lead Counsel and the Del Mar Law Group LLP is Liaison Counsel.

5. For EPPs, Wolf Haldenstein Adler Freeman & Herz LLP is Interim Lead Counsel.

6. Liaison counsel for the DAPs and Interim Lead Counsel for the DPPs, CFPs, and EPPs shall coordinate with one another to efficiently conduct this litigation. To the extent matters such as discovery and motion practice may be conducted jointly, the parties are directed to do so.

With respect to the DPP, CFP, and EPP tracks, the Court further **ORDERS** that:

7. No substantive motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiff except through Interim Lead Counsel for that plaintiff's respective track or with leave of the court.

8. Interim Lead Counsel for the respective tracks shall have sole authority to communicate with Defendants' counsel and the court on behalf of all plaintiffs in these tracks. Defendants' counsel may rely on all agreements made with Interim Lead Counsel or its designees and such agreements shall be binding on all counsel in the DPP, CFP, and EPP actions.

9. Interim Lead Counsel for these tracks shall ensure that all work necessary to prosecute this action is allocated based on the skills and abilities of counsel representing the respective plaintiffs.

The Court will hold a status conference on this matter at 9:30 a.m. on Wednesday, May 4, 2016, in Courtroom 4A. Parties may submit proposed agenda items for this status conference <u>on or before Wednesday, April 27, 2016</u>.

**IT IS SO ORDERED.**

Dated: March 24, 2016

Hon. Janis L. Sammartino
United States District Judge