# EXHIBIT 12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CAPACITORS ANTITRUST LITIGATION. | Master File No. 14-cv-03264-JD<br><br>**ORDER APPOINTING INTERIM LEAD CLASS COUNSEL** |

In this consolidated antitrust class action, the Court has reviewed the motions of counsel to be appointed interim lead class counsel for the putative classes. Based on those submissions and counsel's arguments at the hearing on those motions, the Court orders as follows pursuant to Federal Rule of Civil Procedure 23(g)(3).

**I. PUTATIVE DIRECT PURCHASER PLAINTIFF CLASS**

While the Court acknowledges and appreciates the submissions by all of the firms and individuals seeking to represent the putative class of direct purchaser plaintiffs, the Court appoints the Joseph Saveri Law Firm, Inc. as interim lead class counsel. The Joseph Saveri Law Firm invested a great deal of time and effort to investigate and develop the potential claims in this action, and it filed the first complaint in this case as a result (although the Court does not find the first filing to be a dispositive factor for purposes of lead counsel appointment). The Joseph Saveri Law Firm also has the support of many of the plaintiffs' counsel, which the Court does find to be a significant factor in the Saveri Firm's favor.

As discussed at the hearing, the Court finds that it would be the most efficient to appoint a single lead counsel for the putative class, and consequently appoints only the Joseph Saveri Law Firm as the interim lead class counsel for the putative direct purchaser plaintiff class. Mr. Saveri may assemble a steering committee if he so chooses. In that event, the Court expects that the

1  Pearson, Simon & Warshaw firm will be included and given a prominent role.  The Court finds
2  that Mr. Simon made many good points in his papers and at the hearing, and believes the putative
3  class would be well served if Mr. Simon were also to be included in the leadership of this
4  litigation.

## II. PUTATIVE INDIRECT PURCHASER PLAINTIFF CLASS

As discussed at the hearing, the Court declines to separate out the first-level indirect purchaser plaintiffs from the rest of the indirect purchaser plaintiffs at this stage of the litigation. The Court will appoint interim lead class counsel for a single putative indirect purchaser plaintiff class, and again finds that it would be most efficient to appoint a single firm to serve in that role.

For the putative class of indirect purchaser plaintiffs, too, the Court acknowledges and appreciates the work and qualifications of all counsel who have moved for lead counsel appointment, and the Court especially appreciates the competing groups of counsel's efforts to work together, as evidenced by the joint submission filed on October 30, 2014.  Dkt. No. 310.

The Court appoints Cotchett, Pitre & McCarthy to serve as the interim lead counsel for the putative class of indirect purchasers.  The Cotchett firm has significant experience in handling complex class actions, including cases involving antitrust claims of the type at issue here.  The fact that the Cotchett firm is located here in the San Francisco area also supports their appointment as lead counsel, as that will eliminate the need for liaison/local counsel, resulting in greater efficiency.  The Cotchett firm, too, may assemble a steering committee if it so chooses, and the Court expects that if it does so, it will include the Duncan Firm in a significant leadership role.

To be perfectly clear, pending further order of the Court, the Cotchett firm is charged with representing and speaking on behalf of *all* indirect purchasers in this case, including purchasers beyond first-level buyers to the extent alleged in the pleadings.  The Court does not approve delegation of that representation beyond the Cotchett firm.  If Cotchett determines down the road, based on hard evidence, that a conflict may exist on recovery issues between various indirect purchasers, it may raise the issue with the Court at that time.

2

### III. STEERING COMMITTEES

If interim lead counsel for the direct and indirect purchaser putative classes decide to create steering committees, they should be structured and populated to best represent the interests of the putative class members and to effectuate the fair and efficient administration of justice. All allocations of work should be based on the abilities and professional resources of counsel.

The Court will not look favorably on bloated committees. Lead counsel should spare no effort to staff the committees and manage this litigation in the most efficient and cost-effective manner possible, and will be held accountable for meeting this standard.

### IV. AUTHORITY AND RESPONSIBILITIES

Interim lead counsel for both the direct and indirect purchaser classes have complete authority to conduct all pretrial and trial work, including settlement discussions, for their putative classes, and to bind all counsel and parties in their respective putative class. For the sake of illustration (and not limitation), lead counsel have the final word on and responsibility for all common discovery issues, service of pleadings and filings, stipulations, briefs and arguments, court hearings and appearances, communications with opposing counsel and the Court, expert retention and reports, trial and appeals arising in the course of litigation before this Court (e.g., class certification decisions), as well as work assignments within their class groups, billing records and fee issues, and overall case strategy, scheduling and management for their putative class. Opposing counsel may rely on the conduct and representations of lead counsel on behalf of their respective putative class for any issue in the litigation.

### V. FEES, COSTS AND EXPENSES

The Court's goal is that any party seeking fees at the end of this litigation will be able to present to the Court clear and definitive records that were prepared as the fees and costs were incurred. A forensic accounting exercise should not become necessary under any circumstance. To that end, the Court issues these guidelines. The interim lead counsel appointed in this order are responsible for ensuring that the following guidelines are adhered to by all counsel who perform work on behalf of the lead counsel's respective putative class:

3

1. At the close of each calendar month, lead counsel will make sure that all time has been entered by all timekeepers in final form. By 14 days after each month's end, lead counsel will ensure that a "bill" for the prior month is finalized, reflecting lead counsel's review of the billing records and any write-downs or write-offs by lead counsel for inefficiencies, duplication of effort, misjudgments in staffing, and the like. These final "bills" for each month will be segregated and kept by lead counsel, and may not be altered.

2. Time will be recorded in one-tenths of an hour.

3. Block-billing time records are not permitted. Time must instead be recorded by task. For example, an attorney may not record "7.8 hours" for "work on motion to dismiss opposition." Instead, the attorney must break out the 7.8 hours specifying the amount of time spent for each specific task performed, e.g., "review and analyze motion to dismiss brief (1.3); team meeting regarding arguments for opposition (.8); legal research re X argument (3.3); draft X section of opposition brief (2.4)."

4. Lead counsel are free to make staffing decisions as they deem appropriate, but the Court will not permit fees to be recovered for multiple attorneys performing duplicative work. For example, barring an unusual circumstance, only one lawyer should attend a deposition when defending it, and no more than two lawyers should attend when taking a deposition. Further, the Court will not permit the recovery of fees for every attorney from every firm to review each discovery request and response, motion, letter, e-mail, etc. in the case. While each attorney has an obligation to keep themselves informed about the litigation so that they can best represent their clients, only those attorneys designated by interim lead counsel to review or summarize pleadings, orders and communications are working for the common benefit of the putative class, and only their time will be considered for possible payment at the conclusion of this case.

5. All flights of less than six hours should be travelled in coach class. Travel exceeding six hours of flight time may be booked on business class. In all cases, flights should be booked at the lowest available fare.

6. When overnight travel is necessary, counsel should be mindful in selecting reasonable hotel accommodations and restaurants. Per diem expenses for travel days should not

4

1 exceed $75 per person exclusive of lodging and transportation.

2 <u>Any failure to adhere to these guidelines -- and to the general spirit behind them -- will

3 result in the exclusion of consideration for the relevant fee or cost request.</u>  The Court will under

4 <u>no circumstance permit plaintiffs' attorneys to recover excessive fees and costs at the expense of

5 the putative class members.</u>

6 This order resolves docket numbers 102, 193, 253, 296 and 310 in Case No. 14-3264, and

7 docket number 34 in Case No. 14-3815.

8 **IT IS SO ORDERED**.

9 Dated: October 31, 2014

_____
JAMES DONATO
United States District Judge