# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Wood Mountain Fish LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Mowi ASA (f/k/a Marine Harvest ASA), *et al.*,<br><br>Defendants. | Civil No. 19-22128-CIV-SMITH/LOUIS |

### ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH ALL DEFENDANTS, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, AND APPROVAL OF CLASS NOTICE

This matter is before the Court on Indirect Purchaser Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement with all Defendants, Preliminary Certification of Settlement Class, and Approval of Class Notice [DE 336] ("Motion"). As discussed below, upon considering the Motion and its accompanying declarations and exhibits, the Settlement Agreement [DE 336-2], the record in this matter and requirements of the law, it is hereby **ORDERED and ADJUDGED** that the Motion is **GRANTED**. All pending deadlines in the case are vacated and replaced by the deadlines set forth herein.

### Preliminary Approval of Settlement Agreement

1. "Under Rule 23(e), approval should be given so long as the settlement is 'fair, adequate and reasonable and is not the product of collusion between the parties.'" *Fla. Educ. Ass'n v. Dep't of Educ.*, 447 F. Supp. 3d 1269, 1275 (N.D. Fla. 2020) (quoting *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984)). "Settlement negotiations that involve arm's length, informed

bargaining with the aid of experienced counsel support a preliminary finding of fairness." *In re Checking Account Overdraft Litig.*, 275 F.R.D. 654, 661 (S.D. Fla. 2011) (citation omitted).

2.  In addition to the factors enumerated in Rule 23(e)(2), the Court has considered the following factors established by Eleventh Circuit precedent: "(1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved." *Greco v. Ginn Dev. Co., LLC*, 635 F. App'x 628, 632 (11th Cir. 2015) (quoting *Bennett*, 737 F.2d at 986).

3.  Based on consideration of these factors, the Court finds that the settlement is fair, reasonable, and adequate, such that preliminary approval is warranted. The settlement was reached without collusion, and is the product of informed and arm's-length negotiations before an experienced mediator between parties with accomplished counsel. The allocation plan would distribute proceeds *pro rata* based on the amount of Salmon purchased by each class member, and thus treats class members equitably. The Court finds that the Settlement Agreement is within the range of reasonableness such that a presumption of fairness is appropriate for the purposes of preliminary approval. Accordingly, the Court shall direct notice to the Settlement Class and schedule a Final Approval Hearing, as set forth below.

### **Preliminary Approval of Class Certification and Appointment of Class Representatives and Class Counsel**

4.  The court may certify a class "solely for purposes of settlement where a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006). To certify a settlement class, Plaintiffs must satisfy the requirements of Rule 23(a) and (b), except that "a district court need not inquire whether the

case, if tried, would present intractable management problems." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

    5.    The Court finds that the requirements of Rule 23(a) are met:

        a.    First, the proposed Settlement Class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Plaintiffs have submitted evidence that estimates potential class members to be in the hundreds of thousands, which is sufficient to satisfy the numerosity requirement. The Settlement Class is ascertainable because it is clearly defined with reference to objective criteria, which will be used in the notice program and claims process to identify class members.

        b.    Second, the case presents "questions of law or fact common to the class," and those questions can be resolved in a common manner for the entire class. Fed. R. Civ. P. 23(a)(2); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The antitrust claims here relate to Defendants' alleged anticompetitive conduct. These claims, as alleged in this case, involve common questions. *See In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 686 (S.D. Fla 2004).

        c.    Third, Plaintiffs' claims are typical of the class. Fed. R. Civ. P. 23(a)(3). A plaintiff's claims are typical if "the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory." *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1357 (11th Cir. 2009). Plaintiffs' claims here arise from the same alleged course of conduct; namely, Defendants' allegedly anticompetitive

        behavior, and the class members would have experienced the same injury as a result in the form of increased prices for farm-raised salmon and products derived therefrom.

    d.    Plaintiffs and class counsel will adequately represent the interests of the class. Two questions are relevant to evaluate adequacy: "(1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1323 (11th Cir. 2008). As to the Plaintiffs, all experienced the same alleged economic injury and stand to gain the same relief on a *pro rata* basis through the settlement. The Plaintiffs have already adequately represented the interests of the class in this litigation, including through discovery. As to Class Counsel, they have substantial experience in complex antitrust litigation and have adequately represented the interests of the class throughout this case. Accordingly, the Court finds that Plaintiffs and class counsel satisfy Rule 23(a)(4).

6.    The Court finds that the predominance and superiority requirements of Rule 23(b)(3) are met:

    a.    "Common issues of fact and law predominate if they have direct impact on every class member's effort to establish liability and on every class member's entitlement to injunctive and monetary relief." *Williams*, 568 F.3d at 1357 (internal alterations omitted). "Predominance is a test readily met in certain cases alleging consumer or securities fraud or violations of

the antitrust laws." *Amchem Prods. Inc.*, 521 U.S. at 625. In this case, Plaintiffs are indirect purchasers of salmon whose claims arise under the antitrust laws of various states, but common issues predominate because "there is a commonality of substantive law applicable to all class members," *In re Terazosin Hydrochloride*, 220 F.R.D. at 695, and common proof of Defendants' alleged anticompetitive conduct predominates over any individual issues presented. Therefore, Plaintiffs have satisfied the predominance requirement of Rule 23(b)(3) for settlement purposes.

  b. A class is the superior method to adjudicate the antitrust claims in this case, as there are hundreds of thousands of class members and the amount of possible recovery for each of them individually would make individual litigation infeasible. *See Roundtree v. Bush Ross, P.A.*, 304 F.R.D. 644, 663 (M.D. Fla. 2015). Therefore, the superiority requirements of Rule 23(b)(3) are also satisfied for settlement purposes.

7. Accordingly, for the reasons stated above, the Court preliminarily certifies the following class for settlement purposes only:

> All persons and entities who indirectly purchased, for resale, Defendants' farm-raised salmon or products derived therefrom in any of the following states, districts, or territories: Alabama, Arizona, Arkansas, California, the District of Columbia, Florida, Guam, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, or Wisconsin.

8. Provisional certification of the Settlement Class shall not constitute evidence in any other proceeding and may not be cited in support of the certification of any other proposed class.

9. The Court hereby appoints Plaintiffs, Portland Hunt-Alpine Club, LLC; Prime Steakhouse; Mamme Inc.; Rocca Kurt's Brothers Inc.; Stephen T. Deangelis, Inc.; Amy Mehaffey; Nautical Okoboji LLC; People's Food Cooperative, Inc.; Classic City Catering, Inc.; and Bama Seafood, Inc. as class representatives for settlement purposes.

10. The Court hereby appoints the law firms of Zwerling, Schachter & Zwerling LLP (Fred T. Isquith, Sr.) and Lockridge Grindal Nauen P.L.L.P. (Heidi M. Silton) to serve as co-lead class counsel for the Settlement Class, having found the requirements of Rule 23(g) satisfied by these counsel.

### Approval of Class Notice and the Class Notice Program

11. The Court approves the form and content of the notices proposed [DE 336, Nos. 3-7] and finds that they adequately describe the claims and will provide class members with the information reasonably necessary to make an informed decision about whether to be bound by the settlement. *See Twigg v. Sears, Roebuck & Co.*, 153 F.3d 1222, 1227 (11th Cir. 1998).

12. The Court further finds that notice program proposed will provide the best notice practicable under the circumstances. The notice program will adequately notify class members of the action, preliminary certification of the settlement classes, the terms of the settlement, the fees sought by class counsel, their rights to opt-out of or object to object to the settlement.

13. The Court appoints KCC as the Settlement Administrator. The Settlement Administrator shall implement the class notice program and provide notice to the settlement class members, consistent with this Order.

14. The Settlement Administrator shall complete the notice program no later than **December 1, 2022**.

**Final Approval Hearing, Opt-Outs, and Objections**

15. A Final Approval Hearing shall be held before the **Honorable Rodney Smith** at **299 East Broward Blvd, Fort Lauderdale, Florida 33301** on **February 24, 2023** at **10:30 A.M.** to determine whether to grant final approval of the settlement and determine whether class counsel's fee application should be granted. Plaintiffs and Class Counsel shall file a motion for final approval by no later than **January 19, 2023**. This date or location may be changed by the Court without further notice to Class Members and interested Class Members are directed to the case website for any such updates.

16. Any person/entity in the settlement class who wishes to be excluded may exercise his/her/its right to opt-out of the settlement class by following the opt-out procedures set forth in the Settlement Agreement and in the settlement notice at any time during the opt-out period. Opt-out requests must be received on or before the last day of the opt-out period, which is **January 6, 2023** and must:

   a. state the name, address, and telephone number of the person or entity seeking exclusion, and in the case of entities, the name and telephone number of the appropriate contact person;

   b. contain a signed statement that "I/we hereby request that I/we be excluded from the proposed Settlement Class in *Wood Mountain Fish LLC, et al. v. Mowi ASA, et al.*, No. 19-22128-CIV-SMITH/Louis (S.D. Fla.)";

   c. provide documents sufficient to prove membership in one or more of the Settlement Classes; and

      d.      be signed by such person requesting the exclusion or an authorized representative, as well as proof of authorization to submit the request for exclusion if submitted by an authorized representative.

17. Any class member who/which has not requested exclusion and who/which objects to the settlement may appear in person or through counsel at the Final Approval Hearing if the person properly submits a written objection that includes:

      a.      a notice of intention to appear;

      b.      proof of membership in the Settlement Class, including documentation evidencing indirect purchases of Defendants' salmon and/or salmon products during the Settlement Class Period; and

      c.      the specific grounds for the objection and any reasons why such person or entity representative desires to appear and be heard, as well as all documents or writings that such Person desires the Court to consider.

Any objections must be mailed to Class Counsel at the address provided in the notice and postmarked by no later than thirty (30) days prior to the date set for the Final Approval Hearing.

18. Plaintiffs and Class Counsel shall file any responses to timely filed objections no later than **February 10, 2023**.

19. The Court orders Defendants to provide the relevant notices as required by the Class Action Fairness Act, 28 U.S.C. § 1715, to the extent they have not already done so.

20. In aid of the Court's jurisdiction to implement and enforce the proposed Settlement, as of the date of the entry of this Order, all claims asserted by the Settlement Class against Defendants are stayed pending further Order of the Court, and Indirect Purchaser Plaintiffs and all members of the Settlement Class shall be preliminarily enjoined from commencing or prosecuting

any action or other proceeding against Defendants asserting any of the claims released in the Settlement Agreement pending its final approval or until such time as this Court lifts such injunction by subsequent order.

21. If the Settlement Agreement is terminated in accordance with its provisions, or is not approved by the Court or any appellate court, then the Settlement Agreement and all proceedings had in connection therewith shall be vacated, and shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of Indirect Purchaser Plaintiffs, Defendants, and members of the Settlement Class.

22. If the Settlement Agreement is terminated or is ultimately not approved, the Court will modify any existing scheduling order to ensure that the parties will have sufficient time to prepare for the resumption of litigation, including, but not limited to, class certification and dispositive motion practice, followed by preparation for trial.

23. If the Settlement Agreement is ultimately approved by this Court, and pursuant to paragraph 2(d) of same, after all costs (including notice costs), attorneys' fees, and other expenses have been paid from the Settlement Fund, remaining funds shall be distributed to Settlement Class Members in accordance with the Settlement Agreement. If, following further distribution, the remaining funds become *de minimis* in Class Counsel's reasonable judgment, such residual funds shall be made the subject for *cy pres* distribution to: Just The Beginning – A Pipeline Organization, 70 West Madison Street, Suite 2900, Chicago, IL 60602.

24. The Clerk is instructed to close this case for administrative purposes, and any pending motions are denied as moot.

25. Based on the foregoing, the Court reiterates the schedule for the Final Approval Hearing and the actions which must take place before it:

| Event | Date |
|---|---|
| Defendants shall file a notice of compliance with 28 U.S.C. § 1715(b) | **October 16, 2022** |
| Deadline for Completion of Notice Program | **December 1, 2022** |
| Deadline for Class Counsel's application for an award of attorneys' fees and expenses | **December 1, 2022** |
| Deadline for opting-out of the Settlement Class | **January 6, 2023** |
| Deadline for filing papers in support of Final Approval of the Settlement | **January 19, 2023** |
| Deadline for submission of objections | **January 26, 2023** |
| Deadline to File Responses to Objections | **February 10, 2023** |
| Final Approval Hearing | **February 24, 2023** |

**DONE and ORDERED** in Fort Lauderdale, Florida this 17th day of November, 2022.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record