IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| Wood Mountain Fish LLC, *et al.*,<br><br>               Plaintiffs,<br><br>v.<br><br>Mowi ASA (f/k/a Marine Harvest ASA), *et al.*,<br><br>               Defendants. | Civil No. 19-22128-CIV-SMITH/LOUIS<br><br>**DECLARATION OF HEIDI M. SILTON IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES AND COSTS** |

I, Heidi M. Silton, declare as follows:

1. I am a partner at Lockridge Grindal Nauen, P.L.L.P. ("LGN") and am Co-Lead Counsel for the Indirect Purchaser Plaintiff ("IPP") Settlement Class, along with Fred T. Isquith, Sr., of Zwerling, Schachter & Zwerling, LLP, in the above-captioned action. ECF No. 341. I am a member in good standing of the State Bar of Minnesota and have been admitted to this Court *pro hac vice*. ECF No. 15. I am counsel of record for plaintiffs in the above-captioned matter. I have personal knowledge of the matters set forth herein and could competently testify thereto.

2. I submit this Declaration in support of Indirect Purchaser Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses and Costs.

3. In 2020 I, along with my co-lead counsel, Fred T. Isquith, Sr. of Zwerling, Schachter & Zwerling, LLP and other attorneys for the IPPs, negotiated with Defendants to obtain documents they had previously produced to the European Commission and the U.S. Department of Justice. Defendants produced these documents to us, and Class Counsel set up a review team to analyze these documents. As part of that effort, we set up a coding manual and

reviewed tens of thousands of pages of documents. IPPs amended their complaint with new allegations identified, in part, through this review.

4. Although this case was not formally consolidated with the Direct Purchaser action before Judge Altonaga, *In re Farm-Raised Salmon*, No. 19-cv-21551 (S.D. Fla.), Class Counsel worked with Direct Purchaser Plaintiffs' ("DPP") counsel and Defendants to coordinate discovery between the two actions to the best of our ability. Beginning in November 2021, IPPs joined status conferences set in the DPP case before Magistrate Judge Louis. IPPs also shared costs of document review and a document review platform with DPP counsel to reduce expenses. IPPs conducted their own review of discovery and documents, working with Norwegian document reviewers to translate documents as necessary. Class Counsel reviewed discovery identified by document reviewers on an ongoing basis from November 2021 until the parties reached a settlement.

5. IPPs, jointly with DPPs, deposed 10 of Defendants' corporate representatives under Rule 30(b)(6). After DPPs had reached a settlement with Defendants, IPPs conducted an additional deposition of a witness produced by a defendant because the previous representative was not adequately prepared. Class Counsel from the firms appointed as interim co-lead counsel attended or conducted each of the depositions.

6. During discovery, IPPs served 17 subpoenas on third parties that held documents and data relevant to the pricing and distribution of Defendants' salmon in the United States. IPP counsel engaged in meet-and-confers with many of these third parties to negotiate the appropriate scope and timing of the productions.

7. IPP counsel had begun a process of meet-and-confers on discovery requests specific to each of the six Defendants' corporate families. IPPs had analyzed the discovery and

identified potential gaps with each defendant and raised the issues with each defendant. IPPs were prepared to proceed to motion practice with each defendant if they could not reach agreement on the issues raised.

8. Class Counsel assisted IPPs with document collection and review to respond to 34 requests for production served by Defendants. Many of our clients are small businesses, including one sole proprietorship, which kept many records on paper. Class Counsel engaged a vendor to assist our clients with document collection and our team reviewed over 50,000 documents. The first set of responsive documents was produced to Defendants on June 22, 2022.

9. Attached hereto as Exhibit 1 is a true and correct copy of the curriculum vitae of Michael A. Williams, Ph.D., whom IPPs retained as an expert in this case. IPPs consulted with Dr. Williams to identify data from Defendants and third parties that would be necessary for IPPs' damages model.

10. IPPs worked with DPPs to share costs of analyzing and processing the data produced by Defendants and third parties, which was required to render the data useful for the purposes of analysis by Dr. Williams and for trial. Because DPPs would need to conduct the same data processing for their expert to analyze the data, IPPs agreed to share those costs to be paid to Alix Partners, the firm retained for the tedious, but painstaking work of processing the data. IPPs incurred $663,790 in costs for that work.

11. IPPs engaged the Honorable Edward Infante, retired Chief Magistrate Judge for the Northern District of California, for mediation. I, along with my co-counsel, Fred Isquith Sr., Fred Isquith Jr., and Adam Zapala, attended an in-person mediation session in Chicago with Judge Infante, joined by my colleague Joseph Bourne, and co-counsel, Jeffrey C. Zwerling, by

Zoom videoconference. After the initial session, we had numerous follow-up meetings with Judge Infante by video conference and by telephone.

12. In the course of this litigation, IPP counsel incurred the following costs for the benefit of the class:

| | |
|---|---:|
| Expert fees, including consultation and data processing | $670,722.50 |
| Foreign language document review, deposition, and translation services | $472,891.51 |
| Document storage and e-discovery platform | $28,961.55 |
| Legal research, copy fees, delivery, service of process fees, and litigation fund accounting fees | $54,303.85 |
| Document collection | $11,760.00 |
| Court fees, including CM/ECF and court transcript-related fees | $5,078.15 |
| Mediation fees | $18,460.59 |
| Travel expenses | $15,987.94 |
| **TOTAL** | **$1,278,166.09** |

13. IPP counsel have retained documentation with greater detail for these expenses and can provide that detail to the Court if necessary.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on December 1, 2022.

                                          *s/ Heidi M. Silton*
                                          Heidi M. Silton