IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| Wood Mountain Fish LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Mowi ASA (f/k/a Marine Harvest ASA), *et al.*, <br><br> Defendants. | Civil No. 19-22128-CIV-SMITH/LOUIS |

**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND
CERTIFICATION OF SETTLEMENT CLASS**

This matter is before the Court on Indirect Purchaser Plaintiffs' Unopposed Motion for Final Approval of Settlement with All Defendants and Certification of Settlement Class [DE 348] ("Motion for Final Approval") and Indirect Purchaser Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses and Costs [DE 345] ("Motion for Fees and Expenses").

The Court has considered the record in this matter and the requirements of law, including the Motion for Final Approval and its accompanying declarations and exhibits, the Settlement Agreement, ECF No. 336-2; the Court's November 17, 2022 Order granting preliminary approval (the "Preliminary Approval Order"), [ECF No. 341]; the statements made at the Final Approval Hearing held on February 24, 2023; and the Motion for Fees and Expenses. The Court finds that notice was issued to the proposed Settlement Class, that Defendants provided the relevant notices required by the Class Action Fairness Act, 28 U.S.C. § 1715, and that 90 days have passed since those notices were served on the appropriate federal and state officials.

The Motion for Final Approval and the Motion for Fees and Expenses are **GRANTED** and it is **ORDERED** as follows:

1. This Final Judgment and Order of Dismissal as to all Defendants incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used but not defined herein shall have the same meanings as in the Settlement Agreement.

2. For the reasons discussed below, the Court has jurisdiction over the subject matter of the Litigation and over all parties to the Settlement Agreement, including all Settlement Class Members.

3. The notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, have been satisfied.

## Certification of the Settlement Class

4. The court hereby certifies the following Settlement Class solely for settlement purposes:

> All persons and entities who indirectly purchased, for resale, Defendants' farm-raised salmon or products derived therefrom in any of the following states, districts, or territories: Alabama, Arizona, Arkansas, California, the District of Columbia, Florida, Guam, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, or Wisconsin.

5. The Court confirms, for settlement purposes only, that the Settlement Class meets the applicable requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) as follows:

   a. The Settlement Class is ascertainable and consists of at least 40,692 and therefore satisfies the numerosity requirements of Federal Rule of Civil Procedure 23(a)(1).

b. The case presents "questions of law or fact common to the class" and those questions can be resolved in a common manner for the entire class. Fed. R. Civ. P. 23(a)(2); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The antitrust claims here relate to Defendants' alleged anticompetitive conduct. These claims, as alleged in this case, involve common questions. *See In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 686 (S.D. Fla 2004).

c. Plaintiffs' claims are typical of the class they seek to represent. Fed. R. Civ. P. 23(a)(3).

d. Plaintiffs experienced the same alleged economic injury, stand to gain the same relief on a *pro rata* basis through the settlement, and have adequately represented the Settlement Class. Class Counsel have substantial experience in complex antitrust litigation and have vigorously represented the interests of the class throughout this case. Accordingly, the Court finds that Plaintiffs and Class Counsel satisfy Federal Rule of Civil Procedure 23(a)(4).

e. The common questions of law and fact related to Plaintiffs' antitrust claims predominate over any individual issues presented. Therefore, Plaintiffs have satisfied the predominance requirement of Rule 23(b)(3) for settlement purposes.

f. A class is the superior method to adjudicate the antitrust claims in this case, as there are thousands of class members and class certification allows for an efficient and uniform resolution of the claims at issue. Therefore, the

superiority requirements of Rule 23(b)(3) are also satisfied for settlement purposes.

6. This certification of the Settlement Class is for settlement purposes only and shall not constitute evidence in any other proceeding and may not be cited in support of the certification of any other proposed class.

7. The Court appoints Plaintiffs Portland Hunt-Alpine Club, LLC, Prime Steakhouse, Mamme Inc., Rocca Kurt's Brothers Inc., Stephen T. Deangelis, Inc., Amy Mehaffey, Nautical Okoboji LLC, People's Food Cooperative, Inc., Classic City Catering, Inc., and Bama Seafood, Inc. as class representatives for settlement purposes.

8. The Court hereby appoints the law firms of Zwerling, Schachter & Zwerling LLP (Fred T. Isquith, Sr.) and Lockridge Grindal Nauen P.L.L.P. (Heidi M. Silton), to serve as co-lead Class Counsel for the Settlement Class, having found the requirements of Rule 23(g) satisfied.

**Notice to the Settlement Class**

9. As shown by the record, the Court finds that notice has been provided to the Settlement Class in the manner approved and directed by the Preliminary Approval Order. The Court concludes that this notice provided the best notice practicable under the circumstances and that it adequately notified class members of the action, the Court's preliminary certification decision, the terms of the settlement, and rights of class members to opt-out of or object to the settlement. The Court finds that Plaintiffs' Motion for Fees and Expenses was made available to the Settlement Class in advance of the opt-out and objection deadlines, and that the class therefore had notice of the fees and expenses sought.

10. The Court concludes that it may exercise jurisdiction over the Settlement Class and its members because adequate notice was provided, consistent with the Federal Rules of Civil Procedure and constitutional due process.

## Final Approval of Settlement Agreement

11. The Court finds that the settlement as set forth in the Settlement Agreement was fairly and honestly negotiated by counsel with significant experience in antitrust class action litigation and resulted from good faith, arm's-length negotiations with assistance from United States Magistrate Judge Edward Infante (retired), an experienced mediator of complex cases.

12. After consideration of the requirements of Federal Rule of Civil Procedure 23(e) and factors set forth in *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984), the Court finds as follows:

   a. Class Representatives and Class Counsel have adequately represented the interests of the Settlement Class.

   b. The settlement was negotiated at arm's-length and there was no fraud or collusion underlying the Settlement Agreement.

   c. The relief provided to the Settlement Class is adequate, especially in light of the significant costs, risks, and delay of further litigation. The Court has specifically considered the risks associated with a complex, antitrust case brought by indirect purchasers under the laws of 34 jurisdictions when making this determination.

   d. The proposed allocation plan, which distributes the settlement fund to the Settlement Class on a *pro rata* basis, is an effective and equitable way to distribute relief to the class.

13. The response of the Settlement Class to the settlement has been positive, which further supports the Court's findings of fairness.

14. Accordingly, the Court grants final approval of the settlement as set forth in the Settlement Agreement under Federal Rule of Civil Procedure 23(e) because the settlement is fair, reasonable, and adequate, in the best interests of the parties, and in compliance with applicable law, including the Federal Rules of Civil Procedure, the United States Constitution, and the Class Action Fairness Act. The Settlement Agreement is therefore binding on all Settlement Class Members.

### Settlement Class Counsel's Motion for Fees and Reimbursement of Expenses

15. Class Counsel has filed a motion seeking an award of attorneys' fees in the amount of 30% of the gross settlement fund, which is $9,900,000. This amount is consistent with the Settlement Agreement and the Settlement Class had sufficient notice prior to the opt-out and objection deadlines.

16. The Supreme Court and the Eleventh Circuit have recognized that federal courts have the authority to award attorneys a reasonable fee as a percentage of a common fund obtained for a class. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991); *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1293 (11th Cir. 1999); *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1278 (11th Cir. 2021).

17. The Court has considered the 12 factors set forth in *Camden I*, 946 F.2d at 772 n.3, the Motion for Fees and Expenses and its supporting exhibits filed by the parties, and the record in this case, and finds as follows:

a. Class Counsel have substantial experience and a strong reputation for prosecuting antitrust cases and have vigorously advocated for the Settlement Class throughout this litigation, investing substantial time and labor into the case for the benefit of the class.

b. This case involved difficult and complex legal issues due to the nature of the legal claims in the case and the application of laws of 34 jurisdictions.

c. Class Counsel represented the class on a contingent basis and therefore bore the risk of non-recovery.

d. The percentage of the settlement fund requested by Class Counsel is within the range that is customary and reasonable in recent complex actions in this District, and is on par with awards in indirect purchaser antitrust cases nationwide.

18. Accordingly, the Court approves the application for attorneys' fees in the amount of $9,900,000, to be paid from the settlement fund.

19. The Court also concludes that Class Counsel are entitled to reimbursement of litigation expenses that were reasonably and necessary to the prosecution of this case. *See Waters*, 190 F.3d at 1299. The Court has reviewed the expenses incurred as detailed in the Motion for Fees and Expenses and the accompanying declaration, and finds that the expenses are of a kind with expenses that courts in this District have recognized as reasonable and necessary. These expenses were reasonable and necessary to the prosecution of this case. Accordingly, the Court approves the application for reimbursement of $1,278,166.09 in expenses, to be paid from the settlement fund.

**Dismissal of Claims and Release**

20. The Litigation and all claims contained therein, as well as all of the Released Claims, against any of the Released Parties by the Indirect Purchaser Plaintiffs, Settlement Class Members, and Releasing Parties are hereby dismissed with prejudice. The parties are to bear their own costs, except as otherwise specified by the Settlement Agreement and this Order.

21. Upon the Effective Date as defined in the Settlement Agreement, each of the Releasing Parties: (a) shall be deemed to have, and by operation of this Order and the Final Judgment entered thereby, waived and released (i) all Released Claims against the Released Parties and (ii) any rights to the protections afforded under California Civil Code section 1542 or any law of any state, territory, or district of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, or any law or principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the release; (b) shall forever be barred from initiating, asserting, maintaining, or prosecuting any and all Released Claims against any Released Party.

22. This dismissal shall not affect, in any way, the right of the Indirect Purchaser Plaintiffs and Settlement Class Members to pursue claims, if any, outside the scope of the Released Claims.

23. Neither the settlement, nor the Settlement Agreement and its contents, including without limitation its exhibits and any and all statements, negotiations, documents, and discussions associated with it, shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing or of the truth of any of the claims or allegations contained in the complaints in the Litigation or any other pleading or filing, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way, whether in

the Litigation or in any other action or proceeding. This Settlement Agreement shall not be construed as an admission of liability or wrongdoing, or used as evidence of liability, for any purpose in any legal proceeding, claim, regulatory proceeding, or government investigation. The Settlement Agreement may be filed in an action to enforce or interpret the terms of the Settlement Agreement, the settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. The Released Parties may file the Settlement Agreement and/or this Order of Dismissal in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

24.     Without affecting the finality of this Order of Dismissal and the Final Judgement entering thereby, in any way, the Court hereby retains continuing jurisdiction over the Settlement Agreement for any suit, action, proceeding, or dispute arising out of or relating to this Settlement Agreement or the applicability of the Settlement Agreement, or relating to the award of fees and expenses and any allocation thereof. Any disputes concerning matters contained in the Settlement Agreement, if they cannot be resolved by negotiation and agreement, shall be submitted, in the first instance, for mediation before Judge Edward Infante (retired) in his capacity as mediator, and if not then resolved, shall be submitted to the Court.

25.     As the Settlement Agreement has now been approved by this Court, and pursuant to paragraph 2(d) of same, after all costs (including notice costs), attorneys' fees, and other expenses have been paid from the Settlement Fund, remaining funds shall be distributed to Settlement Class Members in accordance with the Settlement Agreement.  If, following further distribution, the remaining funds become *de minimis* in Class Counsel's reasonable judgment, such

residual funds shall be made the subject for *cy pres* distribution to: Just the Beginning – A Pipeline Organization, 70 West Madison Street, Suite 2900, Chicago, IL 60602.

26. If the settlement set forth in the Settlement Agreement is terminated pursuant to the Settlement Agreement, then the Settlement Agreement (including any amendments thereto) and this Order of Dismissal shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or referred to in any actions or proceedings by any Person, and each Party shall be restored to his, her, or its respective position as it existed prior to the execution of the Settlement Agreement.

27. Except as otherwise provided herein, in the event the Settlement Agreement is terminated, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the Parties to the Settlement Agreement shall be deemed to have reverted to their respective status in the Litigation as of the Execution Date, and, except as otherwise expressly provided herein, the Parties shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered, and all amounts paid by Defendants into the Settlement Fund (other than costs that may already have reasonably been incurred or expended in accordance with the Settlement Agreement, such as notice and administration) shall be returned to Defendants from the Escrow Account along with any interest, income, or proceeds consolidated therewith, within ten (10) business days after such order becomes final and non-appealable.

28. There is no just reason for delay in the entry of this Final Judgment and Order of Dismissal and immediate entry by the Clerk of the Court is expressly directed pursuant to Federal Rule of Civil Procedure 54.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 27th day of February, 2023.

_____
**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**